WALTER WEBB,
Plaintiff,

*vs.*

THE DIAMOND STATE TELEPHONE COMPANY, a corporation of the State of Delaware,
Defendant.

*New Castle, December 13, 1967.*

*Norman N. Aerenson,* of Aerenson & Balick, Wilmington, for plaintiff.

*Hugh L. Corroon,* of Potter, Anderson & Corroon, Wilmington, for defendant.

MARVEL, Vice Chancellor: According to the verified complaint in this case, officers of the Delaware State Police Department, on August 16, 1966, conducted a raid on plaintiff's premises at 718 North Walnut Street Lane, Greentree, in Claymont. In the course of such raid the police disconnected and removed plaintiff's telephone. According to plaintiff, his attempts thereafter to have service restored by defendant failed. His complaint prayed for an order enjoining defendant from denying him telephone service and in effect sought mandatory injunctive relief restoring such interrupted service.

On December 16, 1966, after argument of counsel, plaintiff was granted temporary relief in the form of an order restraining defendant from withholding telephone service from plaintiff at his home at Greentree until further order of the Court. Thereafter, defendant moved to dismiss the complaint.

In arguing its motion to dismiss, defendant makes the following contentions: (1) Assuming this Court has jurisdiction of plaintiff's claim, plaintiff must first pursue his remedies before the Public Service Commission inasmuch as the doctrine of primary jurisdiction does not oust this Court of any part of its original jurisdiction; (2) In point of fact this Court does not have jurisdiction of plaintiff's claim, mandamus being an adequate remedy at law for remedying his grievance; and (3) Even if the relief prayed for would otherwise come within this Court's historic jurisdiction, the Legislature has provided an exclusive and equivalent remedy for plaintiff before the Public Service Commission.

Defendant relies on the cases of *Tollin v. Diamond State Telephone Co.,* 39 *Del.Ch.* 350, 164 *A.2d* 254, and *Schofield v. Material Transit, Inc. (Del.Ch.),* 206*A.2d* 100, to sustain its contention that plaintiff must in the first instance pursue statutory remedies before the Public Service Commission as provided for in 26 *Del.Ch.* § 101 *et seq.,* before pressing his claim here, citing this Court's ruling in the Tollin case to the effect that:

> "Generally speaking, where an administrative agency exists with authority to regulate a particular type of business or field, courts should stand aside until prior resort to such agency has been sought."

 This decision, of course, was based on the doctrine of primary jurisdiction and not on that of the exhaustion of administrative remedies, the latter doctrine being applicable to situations where a proceeding to enforce a claim must be initiated before an administrative agency and then reviewed by the courts. The doctrine of primary jurisdiction, on the other hand, comes into play when a claim is originally cognizable in a court of law or equity but referral to an agency competent to rule preliminarily on issues which fall within its regulatory powers is authorized. In such situations, proceedings

before a court are merely suspended pending referral of appropriate issues to such an administrative body. See *Best v. Humboldt Placer Mining Co.,* 371 *U.S.* 334, 83 *S.Ct.* 379, 9*L.Ed.2d* 350, and *United States v. The Philadelphia National Bank,* 374 *U.S.* 321, 83 *S.Ct.* 1715, 10*L.Ed.2d* 915. Thus, in the *Tollin* case it was determined that it was incumbent upon the Public Service Commission to decide in the first instance whether or not plaintiff's telephone service should be discontinued because of its alleged use as a means of disseminating information of value to the carrying on of illegal gambling.

However, in the *Tollin* case the constitutional considerations, later dealt with in *Pottock v. Continental Can Co. (Del.Ch.),* 210 *A.2d* 295, were not raised by counsel and were not considered by the Court. In the *Pottock* case, however, such issue was vigorously argued, and the Court agreed with plaintiff's contentions concerning the historic jurisdiction of the Delaware Court of Chancery, refusing to apply the doctrine of primary jurisdiction in a situation which involved ostensible violations of provisions of the Delaware Air Pollution Act. It did so because of the fact that the Constitution of Delaware denies to the State Legislature the right to diminish the traditional jurisdiction of the Delaware Court of Chancery unless a statutorily created remedy is not only made equivalent to that of Chancery but exclusive as well, either expressly or by necessary implication. In other words, the basic jurisdiction of this Court is that bestowed on it by the Constitution of 1792, namely the general equity jurisdiction of the High Court of Chancery of Great Britain as it existed prior to the separation of the American Colonies, *DuPont v. DuPont,* 32 *Del.Ch.* 413, 85 *A.2d* 724, 727, and *Glanding v. Industrial Trust Co.,* 28 *Del.Ch.* 499, 45 *A.2d* 553, and such jurisdiction may not be narrowed except as outlined above.

While it is obvious that the science of transmission of sound by means of electrical impulse was not known at the time of the adoption of Delaware's original Constitution, I am nonetheless satisfied that plaintiff's right to have his claim to telephone service adjudicated is equitable in nature and that the relief prayed for clearly falls within the purview of this Court's original jurisdiction unless an equivalent remedy has been exclusively established in another forum.

Mandamus has traditionally been deemed an adequate legal remedy for bringing about performance of a ministerial duty imposed

by law, whether that duty be the installation of rails pursuant to a requirement of an act of Parliament (*King v. Severn & Wye R.R.,* *2B&Ald.* 646, 106 *Eng. Rep.* 501, (*K.B.* 1819), or the furnishing of non-discriminatory telephone service, *Horton v. Interstate Telephone and Telegraph Co.,* 202 *N.C.* 610, 163 *S.E.* 694, 83 *A.L.R.* 941. And while this ancient writ has been supplemented by statute in other states, in Delaware it remains an appropriate remedy only where a petitioner's right is clear. In other words, here it remains a prerogative writ designed to bring about the performance of a pre-existing duty, *Vol. II, Wooley, Civil Actions and Proceedings in Delaware,* § 1653, and *State v. Wilmington Bridge Company,* 3 *Har.* 312. Thus, in *Hastings v. Henry,* 1 *Marvel* 287, 40 A. 1125 the Court stated: "Mandamus is an extraordinary remedy to be awarded only where the relator shows a clear right thereto upon the facts stated in his petition."

■■ Accordingly, I conclude that mandamus is not an appropriate or adequate remedy here, plaintiff being, in my opinion, entitled to injunctive relief if the relevant facts are resolved in his favor. See *Delaware Sports Service v. Diamond State Telephone Co.* (*Dist.Ct. Del.*), 241 *F.Supp.* 847.

■ Defendant goes on to contend, however, that even if the relief prayed for should be deemed to fall within the traditional jurisdiction of Chancery, the statute creating the Public Utilities Commission (26 *Del.C.* § 101 *et seq.*) meets the constitutional test set forth in the *Pottock* case. However, a reading of the statute satisfies me that it grants plaintiff neither an exclusive nor an equivalent remedy. First of all, the statute merely grants the Public Service Commission general powers of supervision and regulation of public utilities, (26 *Del.C.* § 121), including the power to make investigations, (§ 124). And although it may hold hearings and require a public utility to comply with the laws of this State as well as any ordinance of any political subdivision thereof (§ 134), and may order a public utility to furnish proper and adequate service (§ 135), there is nothing in the statute to indicate that such statutory grants are to be the exclusive remedy for a member of the public seeking redress from a public utility. Furthermore, there is nothing in the statute which gives the Public Service Commission the power to issue an injunction, which after all is the very relief which plaintiff here seeks.

See 26 *Del.C.* § 191. Finally, if the findings of the Commission were to be considered by this Court under the doctrine of primary jurisdiction, this would result in an unauthorized erosion of the traditional jurisdiction of the Court of Chancery, *Pottock v. Continental Can Co., supra.*

I conclude that neither a writ of mandamus nor the provisions of the Public Service Commission furnish a constitutional basis for granting plaintiff the relief he here seeks. Accordingly, he is entitled to proceed to a hearing in this Court.

Defendant's motion to dismiss the complaint will be denied.

Order on notice.