SCHAGRIN GAS COMPANY, Employer–
Appellee Below, Appellant,

v.

Richard W. EVANS, Employee–Appellant
Below, Appellee.

Supreme Court of Delaware.

Submitted April 16, 1980.

Decided July 2, 1980.

J. R. Julian, of Connolly, Bove & Lodge, Wilmington, for employer–appellant.

Oliver V. Suddard, Wilmington, for employee–appellee.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

PER CURIAM:

This an appeal from a decision of the Superior Court reversing an order of the Industrial Accident Board. That order stayed proceedings in Delaware on the employee's claim for workmen's compensation benefits until a claim he had filed in Maryland, based on the same accident as involved in the Delaware case, should reach a final determination. The Superior Court accepted the appeal and reached a determination on the merits that under 19 *Del.C* § 2303(b) a stay of a Delaware action based merely upon the pendency of proceedings in another state is contrary to legislative policy. The employer appealed to this Court. We make no judgment on the merits of the case or the correctness of the Court's reasoning and conclusion.

The employee has moved to dismiss this appeal on the grounds that it was an appeal in a civil case from an interlocutory order and the employer had not complied with Supreme Court Rule 42 governing interlocutory appeals.

■ We agree with the employee that the Board's ruling was clearly interlocutory, dealing solely with the procedural matter of trial scheduling. No substantial issue or legal right was determined. Therefore, not only is the appeal before us an appeal from an interlocutory order, but the appeal taken to the Superior Court in the first place was interlocutory. "[I]nterlocutory orders of the Industrial Accident Board are unappealable. Appellate review of an interlocutory order must await appellate review of the final determination of the Board." *Eastburn v. Newark School District*, Del.Supr., 324 A.2d 775, 776 (1974).

It follows that this appeal is not properly before us. We accept jurisdiction only to the limited extent that we must vacate the decision of the Superior Court in an appeal over which it had no jurisdiction.

■ Although our decision today puts the parties back at square one with the Board's order, we note that the employee is not without remedy in his pursuit of a determination by the Board of the merits of his claim. The Superior Court may have been lacking appellate jurisdiction in this case but it does possess the jurisdiction to issue, upon application, the writ of mandamus to lower tribunals, boards and agencies, *inter alia*, to compel performance of their official duties. *Capital Educators Association v. Camper*, Del.Ch., 320 A.2d 782 (1974); *State ex rel. Lyons v. McDowell*, Del.Super., 5 Terry 134, 57 A.2d 94 (1947); *Knight v. Ferris*, Ct.Err. & App., 11 Del. 283 (1881); see also 10 *Del.C.* § 564. This common–law writ of ancient origin, issuable in the exercise of sound judicial discretion, *Ingersoll v. Rollins Broadcasting Company*, Del.Supr., 272 A.2d 336 (1970), is available when the petitioner can show the Court that he has a clear right to performance of the duty, and no other adequate remedy. *Webb v. Diamond State Telephone Company*, 43 Del.Ch. 472, 237 A.2d 143 (1967); *State ex rel. Lyons v. McDowell, supra*, 57 A.2d at 97. Mandamus is recognized as the appropriate remedy to compel a lower court to take jurisdiction in a case where it had erroneously declined jurisdiction. *Lightburn v. Delaware Power & Light Company*, Del.Supr., 2 Storey 415, 158 A.2d 919 (1960).

The appeal is dismissed, the decision of the Superior Court vacated and the case remanded to the Industrial Accident Board.