BOARD OF MANAGERS OF the DE-
LAWARE CRIMINAL JUSTICE IN-
FORMATION SYSTEM, an agency of
the State of Delaware, Ronald J. Tor-
gerson, Executive Director of the
Board, State Bureau of Identification,
an agency of the State of Delaware,
and Captain David F. Deputy, Di-
rector of the State Bureau of Identifi-
cation, Plaintiffs,

v.

GANNETT CO., t/a the News
Journal, Defendant.

No. 01C–01–039 WLW.

Superior Court of Delaware,
Kent County.

Oral Argument Heard: March 19, 2004.
Issued: March 19, 2004.

Upon Defendant's Motion for Rule to
Show Cause. Granted in part; denied in
part.

Michael J. Rich, and W. Michael Tup-
man, Deputy Attorneys General, Dover,
DE, for the State of Delaware.

Richard G. Elliott, Jr., and Jennifer C.
Bebko, of Richards, Layton & Finger, Wil-
mington, DE, for the Gannett Co., t/a The
News Journal.

### OPINION

WITHAM, J.

#### Introduction

Gannett Company, t/a the News Journal
("News Journal") filed this motion for a
rule to show cause as to why a writ of
mandamus pursuant to 10 Del. C. § 564
should not issue compelling the Delaware
Criminal Justice System ("DELJIS") to
produce the fields of information requested
by the News Journal. DELJIS opposes
the motion. Based on the following, the
News Journal's motion with respect to the
police officer identification information is

*granted.* However, its motion with respect to the non-conviction data and geographic information is *denied.*

## Background

This case arises from the News Journal's attempt to receive information from DELJIS in order to study the state's criminal justice system. Following a denial by DELJIS, the News Journal filed suit to compel the release of the data requested. The Superior Court concluded that the News Journal's request was too broad, although it may be entitled to some information.[1] In 2000, the News Journal submitted a new request to DELJIS for information, excluding all direct identifiers. The DELJIS board voted to provide the News Journal with most of the fields requested, with the exception of CJIS, SBI, and defendant identification fields and fictitious linking numbers. In addition the Board voted to not provide the names of police, probation, and parole officers.

On February 1, 2001, DELJIS sought relief from this Court and filed an action for declaratory judgment. After conducting an evidentiary hearing, this Court concluded that the News Journal was not permitted to receive geographic information, non-conviction data and any information relating to the identity of police officers.[2]

The News Journal appealed this decision to the Supreme Court, which held that this Court's decision denying the release of non-conviction data fields and the geographic information fields was outside the jurisdiction of the Court. Thus this Court's decision with respect to those fields was vacated.[3] With respect to the police officer identification information, the Supreme Court reversed the decision of this Court, concluding that the Court had improperly applied the Freedom of Information Act (FOIA).[4]

On January 14, 2004, the News Journal made a request to DELJIS to provide the News Journal with ten years of criminal justice records including the geographic information, non-conviction data, and police officer identification information, as well as the other fields previously requested by the News Journal in January 2001. DELJIS refused, and the News Journal filed this motion for a rule to show cause as to why a writ of mandamus should not issue.

The News Journal contends that based upon the previous decisions of the DELJIS board, which voted to provide the News Journal with numerous fields, including non-conviction data and geographic information, and the Supreme Court, which reversed this Court's decision to refuse release of the police office identification information, it has a legal right to the information and thus the writ of mandamus should issue. The State responds that the Supreme Court decision did not specifically grant the News Journal a legal right to the non-conviction data and geographic identifiers, but simply concluded that those issues were not properly before the Court. In addition, the State argues that the Board was not required to stand by its January 2001 decision to release the information. Finally, the State argues that the Court should delay issuing the writ until the General Assembly has an

1. *Gannett Co. v. Delaware Criminal Justice Information System,* 768 A.2d 508, 515 (Del.Super.Ct.1999), *aff'd* 765 A.2d 951 (Del. 2000).

2. *Board of Managers of the Delaware Criminal Justice Information System v. Gannett Co.,* 808 A.2d 453, 454 (Del.Super.Ct.2002).

3. *Gannett Co., Inc. v. Board of Managers of the Delaware Criminal Justice Information System,* 840 A.2d 1232 (Del.2003).

4. 29 Del. C. §§ 10001–10005 (2004).

opportunity to act on pending legislation which would amend Title 11 of the Delaware Code relating to the State Bureau of Identification and the public release of police, probation, and parole officer names and identification numbers.

## Discussion

 The Superior Court is authorized to issue a writ of mandamus pursuant to 10 Del. C. § 564, which states, "if the Court orders that the plaintiff is entitled to the relief prayed for or any part thereof, a peremptory writ of mandamus shall issue forthwith which shall be served in the usual manner." A writ of mandamus may be issued by the Superior Court to compel lower tribunals, boards, and agencies to perform their official duties.[5] A writ of mandamus may only be issued where, in the exercise of sound judicial discretion, there is a clear legal right to obtain the relief requested and no other adequate remedy is available.[6]

*Police Officer Identification Information*

 The decision by the Supreme Court established the News Journal's legal right to obtain the police officer identification information. The Supreme Court reversed the decision of this Court "to the extent that it prohibits the release of police officer identification information."[7] Thus, the Supreme Court has indicated that the News Journal has a right to obtain this information.

The State's argument that this Court should delay ruling on the writ of mandamus because legislation is pending before the General Assembly, is not persuasive. A review of the legislative history indicates that House Bill Number 319 was passed

by the House and then amended by the Senate. On January 28, 2004, the bill was tabled in the Senate, and no further action has taken place on the bill since that time. The State asserts that it would be premature for this Court to exercise its discretion to order the release of officer information fields until the legislature has a chance to resolve the issue. However, the legislature had the opportunity to resolve the issue but has not done so. Perhaps the legislature will eventually act, but clearly, as of today, the News Journal is entitled to this information.

Based upon the decision of the Supreme Court, the News Journals motion for a writ of mandamus compelling DELJIS to produce the requested police officer identification information should be ***granted***.

*Non–Conviction Data and Geographic Information*

 Unlike its decision with respect to the police officer identification information, the Supreme Court did not decide whether the News Journal had a right to obtain the non-conviction data and the geographic information.[8] Instead, the Supreme Court vacated this Court's decision, finding that the issue was not properly before the Court.[9] The Supreme Court went on to state:

> Our decision [with respect to the non-conviction data and the geographic information] does not necessarily mean that access to such information must be provided. It simply means that those issues were not before the trial court and remain undecided.[10]

Therefore, the Supreme Court's decision did not establish the News Journal's legal right to this information.

---

5. *Schagrin Gas Co. v. Evans,* 418 A.2d 997, 998 (Del.1980).

6. *Id.*

7. *Gannett Co., Inc.,* 840 A.2d at 1237.

8. *Id.* at 1240.

9. *Id.* at 1238.

10. *Id.*

The News Journal relies on a theory of equitable estoppel based on the Board's 2001 decision to release the information. The State responds because the Board has discretion when deciding whether to release information, it also has discretion when withdrawing a previous approval. Thus, the State contends that these issues should go back before the Board for further consideration, rather than be resolved by a writ of mandamus.

Title 11, section 8513 of the Delaware Code permits the release of information pertaining to identification and conviction to members of the news media. However, Chapter 85 does not require the Board to release this information, it is discretionary. It appears that the Board had discretion to choose to release the requested data fields, and thus would have discretion to deny the release of the information. Therefore, because the News Journal has not sufficiently established that it has a clear legal right to the non-conviction data and the geographic information, it would be inappropriate for this Court to issue a writ of

mandamus at this time. The News Journal's request for the writ of mandamus with respect to the geographic information and the non-conviction data should be *denied*.

### Conclusion

Based on the information presented to the Court, the News Journal's motion for a writ of mandamus compelling DELJIS to release the police officer identification information is *granted*.[11] However, the News Journal has failed to establish that it has a legal right to the non-conviction data and the geographic information; therefore, its motion for a writ of mandamus with respect to this information is *denied*. In addition, the Court will require that the News Journal sign a user agreement with respect to all of the released information as required under title 11, section 8514 of the Delaware Code.

IT IS SO ORDERED.

---

**11.** The Court understands that the News Journal and DELJIS have agreed that other information fields not presented in this motion will be given to the News Journal, therefore the Court need not issue a writ of mandamus with respect to that information.