# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOHN W. CALDWELL, | ) | |
| Petitioner, | ) | C.A. No. N15M-07-051 VLM |
| v. | ) | |
| JUSTICE OF THE PEACE COURT | ) | |
| NO. 13, | ) | |
| Respondent, | ) | |
| v. | ) | |
| JNM PERFORMANCE, LLC, | ) | |
| Real Party in Interest. | ) | |

Submitted: September 8, 2015
Decided: December 30, 2015

*Upon Consideration of Respondent Justice of the Peace Court No. 13's
Motion to Dismiss*,
**GRANTED.**

*Upon Consideration of Real Party in Interest JNM Performance, LLC's Motion to
Dismiss the Petition and or Amended Petition*,
**GRANTED.**

## OPINION

William J.P. Mulgrew, III, Esquire, Law Office of A. Dale Bowers, P.A.,
Wilmington, DE, Attorney for Plaintiff.

Joseph C. Handlon, Esquire, Department of Justice, Wilmington, DE, Attorney for
Respondent Justice of the Peace Court No. 13.

Michael P. Morton, Esquire, Michael P. Morton, P.A., Wilmington, DE, Attorney
for Real Party in Interest JNM Performance, LLC.

**MEDINILLA, J.**

## Introduction

This case involves a Petition for Writs of Mandamus and Prohibition ("Petition") filed by John W. Caldwell ("Petitioner") against Justice of the Peace Court No. 13 and JNM Performance, LLC. Opposing parties have filed separate Motions to Dismiss under Superior Court Civil Court Rule 12(b)(6) and argue that Petitioner fails to state a claim upon which relief can be granted. For the reasons stated below, the motions are **GRANTED**.

## Factual and Procedural History

On November 24, 2014, Petitioner filed a civil complaint in Justice of the Peace Court No. 13 ("Respondent") against JNM Performance, LLC. ("Real Party in Interest"). Petitioner sought civil damages and equitable relief related to the return of his vehicle in this underlying replevin action.[1] Respondent heard the matter on February 2, 2015, and Petitioner obtained a default judgment. Real Party in Interest filed a Motion to Vacate Default Judgment, which was granted on March 25, 2015, and the matter was set for trial with Respondent.

On March 31, 2015, Petitioner filed an Amended Complaint.[2] On April 28, 2015, Real Party in Interest made a verbal motion to dismiss, *inter alia*, for lack of subject matter jurisdiction. Also, on May 22, 2015, Real Party in Interest filed a

---

[1] Pet. for Writs of Mandamus and Prohibition at ¶ 16.

[2] *Id.* at ¶20 added claims to include "Damages and Statutory Relief for Unlawful Practices under the Consumer Fraud Act," "Replevin," "Damages and Statutory Relief for Unlawful Practices under the Auto Repair Fraud Prevention Act," and "Storage Fees Void Against Public Policy During Pendency of Court Proceedings in Replevin."

Motion for Sanctions against Petitioner.

On May 27, 2015, Respondent granted Real Party in Interest's Motion to Dismiss for lack of subject-matter jurisdiction. Specifically, Respondent held that it lacked subject matter jurisdiction over the Consumer Fraud Act and the Auto Repair Fraud Prevention claims, it was unable to issue a declaratory judgment, and that the replevin action would go forward independent of the other claims.[3] Notice of appeal was issued by Respondent on the same day. All appropriate parties were notified. After the May 27 ruling, Petitioner filed various applications with Respondent and this Court. Although somewhat difficult to follow, this Court deems it important to highlight the choppiness of this procedural history, often occurring through simultaneous filings, in both courts.[4]

On June 24, 2015, Respondent issued its order that it would hear Party in Interest's Motion for Sanctions followed immediately with the replevin action on July 31, 2015. On July 7, 2015, Petitioner re-filed, in substance, his dismissed claims seeking damages and declaratory relief and requested consolidation of his pending replevin action. The next day, on July 8, 2015, Petitioner filed his Petition

---

[3] Pet. for Writs of Mandamus and Prohibition at ¶ 31 (Respondent's docket reads: "Justice of the Peace Court lacks jurisdiction over cases brought under the Consumer Fraud Act and is unable to render declaratory judgments within its limited jurisdiction; those claims are dismissed. Plaintiff's request to amend the complaint is denied. The court has dismissed all of Plaintiff's case except the replevin of the vehicle in question, the counterclaim is dismissed without prejudice.").

[4] Respondent's docket reflects many more entries than included in this Opinion. This Court highlights only the more significant entries during the timeframe that Petitioner was seeking relief from this Court.

in this Court requesting issuance of Writs of Mandamus and Prohibition.[5] On July 9, 2015, Petitioner also filed with Respondent a "Motion for Stay of Trial Pending the Outcome of Other Motions and Proceedings."

In this Court, on July 29, 2015, Petitioner filed an *Ex Parte* Emergency Motion for Order to Stay [Respondent's] Trial. This Court denied the motion because Petitioner failed to cite a basis to warrant that the matter be heard *ex parte* or to consider the motion as presented. Petitioner re-filed this Emergency Motion on August 5, 2015, even though a trial had not been scheduled. On August 7, 2015, Petitioner filed with Respondent a Motion "for Reconsideration under the U.S. and Delaware Constitutions."[6]

On August 14, 2015, in this Court, Petitioner filed a 70-count Amended Petition for Writs of Mandamus and Prohibition. *On the same day,* Petitioner filed with Respondent, a "Motion for Recusal and For a New Hearing or, Alternatively, for Denial of Motion for Sanctions." On August 19, 2015, and September 4, 2015, both Respondent and Party in Interest filed their respective Motions to Dismiss. On September 8, 2015, Petitioner filed his Response in Opposition as well as a new Motion to Strike Real Party in Interest's Motion to Dismiss the Petition

---

[5] Amend. Pet. for Writs of Mandamus and Prohibition at ¶1. Petitioner seeks the issuance of mandamus commanding the exercise of subject-matter jurisdiction over his claims under the Consumer Fraud Act and the Auto Repair Fraud Prevention Act, for declaratory relief under the Uniform Declaratory Judgments Act, or alternatively, prohibition, compelling the consolidation of Petitioner's claim under the Auto Repair Fraud Prevention Act as unlawfully or improvidently dismissed. Petitioner seeks to consolidate all claims with his pending matter.

[6] Petitioner also alleges due process and equal protection infringements of federal and state constitutional rights to support his Petition. This Court finds no merit to his allegations and does not consider them for purposes of this dispositive motion.

And/Or Amended Petition.[7]

A hearing was held on September 15, 2015.[8] The parties agreed to try to resolve the matter without this Court's consideration of the pending Motions to Dismiss. As such, this Court stayed the matter. Unfortunately, their attempts failed.[9] The parties now renew their applications to have this Court decide this matter. Having considered all written submissions and oral arguments, the matter is ripe for review.

## Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Superior Court Civil Rule 12(b)(6) will not be granted if the plaintiff may recover under any conceivable set of circumstances susceptible of proof under the complaint.[10] All reasonable inferences shall be in favor of the non-moving party.[11] In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ.[12]

---

[7] Petitioner's Motion to Strike was filed on the same day as his Response to Motions to Dismiss on the grounds of "redundant, immaterial, impertinent and scandalous matter and that it was untimely filed." This Court does not consider the Motion to Strike in this ruling where the dismissal under Rule 12(b)(6) is dispositive.

[8] Given the frenzy of filings and repetitive requests for expedited consideration from Petitioner's counsel, this Court asked his supervisor to participate in the hearing who agreed to address this matter with his associate and work with opposing counsel toward resolution. On December 16, 2015, Petitioner's counsel filed a "substitution of counsel" notifying this Court that while he was still counsel of record, the Law Offices of Albert M. Greto would need to be substituted with the Law Office of A. Dale Bowers, P.A.

[9] Correspondence on November 13, 2015 from Real Party in Interest's counsel confirmed the parties were unable to resolve the matter.

[10] *Spence v. Funk*, 396 A.2d 967 (Del. 1978).

[11] *Rammuno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[12] *Mell v. New Castle County*, 838 A. 2d 141, 145 (Del. Super. Ct. 2003).

5

**Discussion**

This Court may issue a writ of mandamus under 10 *Del. C.* §564.[13]  A writ of mandamus is an extraordinary remedy, which this Court will not issue unless Plaintiff establishes a clear right to the performance of a duty, that no other remedy is available, and that the trial court has arbitrarily failed or refused to perform its duty.[14]  In addition, the issuance of a mandamus falls within judicial discretion and is not a matter of right.[15]  This Court may issue a mandamus "to an inferior court, public official, or agency to compel the performance of a duty to which the petition has established a right."[16]  Further, "when directed to an administrative agency or public official, mandamus will issue only to require performance of a clear legal or ministerial duty."[17]  Thus, a mandamus will not be issued to compel a discretionary act.[18]  If a petitioner cannot show a clear right to the requested performance of a duty, or if there is any doubt as to a petitioner's right, a mandamus shall not be issued by this Court.[19]

Petitioner sought civil damages and equitable relief against Real Party in Interest for an action involving his vehicle.  Respondent scheduled the matter and, upon motion by Real Party in Interest, it made legal rulings regarding jurisdiction

---

[13] That section provides, in relevant part, that "if the Court orders that Plaintiff is entitled to the relief prayed for or any part thereof, a peremptory writ of mandamus shall issue forthwith…." 10 *Del. C.* § 564.

[14] *Schagrin Gas Co. v. Evans*, 418 A.2d 997 (Del. 1980).

[15] *Guy v. Greenhouse,* 637 A.2d 287 (Del. 1993).

[16] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[17] *Guy,* 637 A.2d at 287.

[18] *Id.*

[19] *Walls v. Williams,* 2006 WL 1133563, *1 (Del. Super. Ct. March 28, 2006).

and its inability to provide Petitioner with equitable or injunctive relief.

Respondent provided notice to Petitioner's counsel of his right to appeal. Instead, Petitioner submitted various applications to Respondent for consolidation, stay of trial, reconsideration, recusal, and a new hearing. When Petitioner filed for relief in this Court, Respondent had not been given an opportunity to decide many of the pending issues before it.[20] Instead, dissatisfied with Respondent's initial rulings, he filed for this Court to compel Respondent to reach a different result. Based on the record before this Court, this Court first finds that Petitioner cannot show a clear right to the requested performance of a duty. Specifically, Petitioner has not established what duty was owed to him by Respondent.

Second, Petitioner has an adequate remedy through his *de novo* appeal to the Court of Common Pleas.[21] To the extent Petitioner seeks to challenge Respondent's rulings, he cannot use writs of mandamus or prohibition to compel Respondent to rule differently. His procedural remedy is through the Court of Common Pleas. Of concern is that Petitioner places before this Court the same claims for relief currently pending with Respondent. As such, this Court finds that Petitioner has an adequate legal remedy that does not warrant the issuance of a writ of mandamus or prohibition.

---

[20] Petitioner filed a Motion for Recusal and For a New Hearing, or Alternatively, for a Denial of Motion for Sanctions on August 14, 2015, which had not yet been decided by Respondent when the Petition for Writ of Mandamus and Prohibition was filed in this Court.
[21] *See* 10 *Del. C.* § 9571(c).

Finally, in the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular function, to decide a matter in a particular way, or to dictate the control of its docket.[22] Petitioner has not demonstrated an arbitrary refusal or failure to act by Respondent. In fact, one of the requests made by Petitioner was to stay the trial pending disposition of his Petition and/or Amended Petition. This Court did not need to address Petitioner's request because Respondent, through its own determination, stayed the trial pending this Court's consideration of the pending Petition. There is no any evidence of an arbitrary refusal or failure to act on the part of Respondent that would warrant this Court to issue a writ of mandamus to compel it to do anything differently.

This Court finds that dismissal is appropriate. Petitioner fails to state a claim upon which relief can be granted under Superior Court Civil Rule 12(b)(6), and fails to show how he is entitled to the extraordinary remedy under 10 Del. C. §564. The frenetic filings made for an overly-complicated and troubling procedural history. It is unclear to this Court why Petitioner took such a shot-gun approach with his applications in two courts without first waiting for the lower court's respective rulings and/or exercising his appellate rights accordingly.

For these reasons, Respondent and Real Party in Interest's respective

---

[22] *Matter of Bordley's Petition for Writ of Mandamus*, 545 A.2d 619, 620 (Del. 1988).

Motions to Dismiss are **GRANTED.**

**IT IS SO ORDERED.**

_____
Judge Vivian L. Medinilla

cc:     Prothonotary