# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT M. DUNCAN, | : | |
| | : | |
| Plaintiff, | : | K20M-11-022 JJC |
| | : | |
| v. | : | |
| | : | |
| SHAWN M. GARVIN, in his official | : | |
| Capacity, and DELAWARE | : | |
| DEPARTMENT OF NATURAL | : | |
| RESOURCES AND ENVIRONMENTAL | : | |
| CONTROL, an agency of the executive | : | |
| Branch of the State of Delaware, | : | |
| | : | |
| Defendants. | : | |

Submitted: May 17, 2021
Decided: June 21, 2021

## MEMORANDUM OPINION & ORDER

*Defendants' Motion to Dismiss –* **GRANTED** in part, **DENIED** in part

Patrick C. Gallagher, Esquire and Alexis N. Stombaugh, Esquire, Jacobs & Crumplar, P.A., Wilmington, Delaware, *Attorneys for the Plaintiff.*

Kayli H. Spialter, Esquire, Deputy Attorney General, State of Delaware Department of Justice, Wilmington, Delaware, *Attorney for the Defendant.*

**Clark, J.**

Plaintiff, Robert M. Duncan ("Mr. Duncan") sues Defendants Shawn M. Garvin and Delaware's Department of Natural Resources and Environmental Control (hereinafter, collectively "DNREC"). In his suit, Mr. Duncan seeks redress for DNREC's alleged breach of a release and settlement agreement (the "Agreement"). The Agreement addresses DNREC's obligations (1) to release Mr. Duncan of liability for underground storage tank leaks at Mr. Duncan's property in Harrington (the "Site"), (2) to perform corrective action at the Site, and (3) to issue a "No Further Action" letter (an "NFA") after DNREC "satisfactorily complet[es] corrective action at the Site." As consideration for these promises, Mr. Duncan agrees to pay DNREC $250,000 when he sells the property.

In Mr. Duncan's suit, he seeks a writ of mandamus that will compel DNREC to issue an NFA so he can sell the Site. Alternatively, he sues DNREC for breach of contract. As a remedy, he requests that the Court issue a declaratory judgment that specifies DNREC's obligation to issue an NFA.

This decision addresses DNREC's motion to dismiss Mr. Duncan's amended complaint. In DNREC's motion, it contends that a writ of mandamus is not available under the circumstances. It also alleges that Mr. Duncan fails to state a claim in contract.

For the reasons discussed below, Mr. Duncan inappropriately seeks mandamus relief because the contractual term Mr. Duncan seeks to enforce is discretionary on DNREC's part. Because the writ of mandamus claim must be dismissed for that reason, the Court need not separately decide whether Delaware would follow the majority approach that declines to enforce any contractual obligations against a state agency pursuant to a writ of mandamus.

Mr. Duncan states a claim for breach of contract, however. He does because (1) his amended complaint places DNREC on fair notice of the claim, and (2) his claim, as plead, provides a conceivable basis for recovery.

2

## I.     Facts of Record

The facts cited below are those relevant to DNREC's motion to dismiss. They include those facts alleged in Mr. Duncan's amended complaint, which the Court accepts as true, and the terms of the Agreement, which is integral to the amended complaint.

Here, Mr. Duncan owns the Site that hosted a gas station at the intersection of State Routes 13 and 14 in Harrington. In January 2012, DNREC issued a notice of violation pertaining to the Site. In that notice, it cited Mr. Duncan and his then lessee for alleged petroleum releases and other soil and groundwater contamination from underground storage tanks.

In January 2015, DNREC assumed control of the property and began its study and planning process. Thereafter, Mr. Duncan and DNREC executed the Agreement on October 18, 2017. Mr. Duncan agreed to pay DNREC $250,000 when he sells the property. In exchange, DNREC released its claims against Mr. Duncan and agreed to issue an NFA to Mr. Duncan after it satisfactorily remediates the Site.

At the time Mr. Duncan entered the Agreement, he had an existing contract to sell the property. Because of the pending remediation, that sale did not consummate. Approximately three and one-half years after the parties entered the Agreement, DNREC has yet to issue an NFA. DNREC's ongoing refusal to do so causes Mr. Duncan continuing harm because he has another willing buyer who will not purchase the property until DNREC issues its NFA.

## II.     The Parties' Arguments

Mr. Duncan argues that DNREC's refusal to issue an NFA violates his contractual rights. First, as a remedy, he seeks a writ of mandamus to compel DNREC to meet this alleged obligation. Alternatively, Mr. Duncan contends that he is entitled to pursue a claim for DNREC's breach of contract and obtain a

3

declaratory judgment that recognizes the obligation. He contends that although the contract does not specify when DNREC must issue the letter (other than making it contingent upon satisfactory completion), DNREC must nevertheless issue it within a reasonable time. According to Mr. Duncan, DNREC's failure to complete remediation for more than three years is unreasonable.

Regarding the motion to dismiss, DNREC first alleges that Mr. Duncan's writ of mandamus application is inappropriate. It contends that, in contrast to legal obligations imposed by statute or regulation, a contractual obligation is not the type of legal obligation that a writ of mandamus can remedy. This, DNREC argues, is the case even when a respondent is a government agency. DNREC further contends that because the Agreement contains a term that requires its satisfaction, a writ of mandamus is unavailable because a writ may issue to compel only non-discretionary duties.

Second, DNREC moves to dismiss Mr. Duncan's breach of contract claim. It alleges that his amended complaint fails to plead all essential elements of his claim. Furthermore, DNREC asserts that Mr. Duncan's amended complaint fails to state a claim because the Agreement's plain language provides that DNREC need not issue an NFA until *it* is satisfied that it has completed the corrective action. In this regard, DNREC emphasizes that Mr. Duncan has not alleged that DNREC is satisfied and thus has not plead the existence of a condition precedent to DNREC's obligation to provide an NFA.

### III. Superior Court Civil Rule 12(b)(6)'s Standard

When deciding a motion to dismiss for failure to state a claim, the Court must accept as true all allegations in the complaint.[1] The test for sufficiency is a broad

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

4

one; the complaint will survive the motion to dismiss so long as "a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[2] Stated differently, a complaint will not be dismissed unless it clearly lacks factual or legal merit.[3]

Furthermore, when examining a Rule 12(b)(6) motion, "[t]he complaint generally defines the universe of facts that the trial court may consider . . . ."[4] If the Court looks outside the facts set forth in the complaint, it will generally convert a motion to dismiss into a motion for summary judgment and the parties will be given an opportunity to expand the record.[5] However, when a document is integral to a plaintiff's claim and is incorporated into the complaint, the Court may consider it for purposes of the motion to dismiss and need not convert the motion to one for summary judgment.[6]

### III.  Analysis

For the reasons discussed below, Mr. Duncan inappropriately seeks a writ of mandamus because he seeks to enforce a discretionary duty.  Regarding his breach of contract claim, however, his amended complaint provides DNREC fair notice of his claim and alleges a conceivable basis for recovery.

### A. Inappropriateness of Writ of Mandamus

A writ of mandamus is an extraordinary writ that is appropriate only under limited circumstances.[7]  Namely, the Court may issue a writ of mandamus to

---

[2] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).
[3] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).
[4] *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).
[5] *Id.*
[6] *Vanderbilt Income and Growth Assocs., LLC v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996).
[7] *Darby v. New Castle Gunning Bedford Educ. Assoc.,* 336 A.2d 209, 210 (Del. 1975).

"compel lower tribunals, boards, and agencies to perform their official duties."[8] Furthermore, a writ of mandamus is available only where (1) there is no other remedy available, and (2) the petitioner demonstrates that the governmental body owes him or her a clear legal right to the performance of a non-discretionary duty.[9]

Here, Mr. Duncan does not state a claim that justifies a writ of mandamus because the duty he seeks to enforce is discretionary. The Agreement's plain language provides that DNREC need not issue an NFA until it satisfactorily completes corrective action at the Site. In other words, the Agreement includes a condition that DNREC be subjectively satisfied before it issues an NFA. It follows that DNREC holds the discretion to determine when it becomes satisfied. Because a writ of mandamus is available only to enforce a non-discretionary duty against an agency, he does not allege a conceivable basis for recovery for that claim.

The parties also dispute an issue that the Court will briefly address but need not decide because the term sought to be enforced is discretionary. Namely, Mr. Duncan and DNREC dispute whether the Court could enforce *a contractual obligation* upon a public body pursuant to a writ of mandamus. Mr. Duncan argues yes and DNREC argues no.

While neither the parties nor the Court located Delaware authority addressing this issue, most jurisdictions find that a writ of mandamus is an inappropriate mechanism to enforce a contractual obligation against a public entity. For instance, the United States Supreme Court recognized in *New Orleans C. & L.R. Co. v. State of Louisiana ex. Rel. New Orleans* that a writ of mandamus may not be used to compel a duty arising from a contract; rather, relief pursuant to a writ of mandamus

---

[8] *Board of Managers of Delaware Criminal Justice Information System v. Gannett Co.,* 847 A.2d 1123, 1125 (Del. Super. 2004) (citing *Shagrin Gas Co., v. Evans,* 418 A.2d 997, 998 (Del. 1980)).
[9] *Darby,* 336 A.2d at 210; 2 WOOLLEY ON DELAWARE PRACTICE 1126, § 1655.

is available only to enforce a duty arising by law.[10]  In that regard, a duty arising by law refers to an obligation imposed by statute, regulation, or prior court order.

The U.S. Supreme Court's recognition of that limitation aligns with the approach in most jurisdictions.[11]  Notably, in those jurisdictions, a writ of mandamus remains an inappropriate vehicle even when the contractual term must be included in the contract pursuant to statute or other law.[12]  In this regard, Mr. Duncan's claim even falls short of the circumstances involved in many of these  persuasive decisions because he does not allege that there is a statutory or regulatory duty that required DNREC to include the NFA term in the Agreement.  Because his mandamus claim rests squarely in contract (without an identified underlying legal duty imposed upon DNREC to include the NFA term in the Agreement), a writ of mandamus would be inappropriate for this additional reason.   The Court need not separately resolve whether this mechanism would permit a private party to enforce his or her contractual rights against an agency  if a statute or regulation impressed an obligation upon that agency to include the term in the contract.

---

[10] 157 U.S. 219, 225 (1895) (recognizing that "the remedy by mandamus cannot be invoked to enforce obligations arising simply from a contract, as distinguished from a duty imposed by law").
[11] *See, e.g.*, *Wentzler v. Mun. Ct. of the Pasadena Jud. Dist. et al.,* 235 Cal. App.2d 128, 132 (Cal. Dist. Ct. App. 1965) (noting that  mandamus is generally not an appropriate remedy to enforce a contract because contracts are enforceable by civil actions and mandamus is only available when there are no other adequate remedies);  *State ex rel. Ricker v. Trenton Jr. Coll. Bd. Of Trustees, et al.,* 622 S.W.2d 787, 789 (Mo. Ct. App. 1981) (holding that mandamus is a remedy to enforce a clear duty rather than one fit to adjudicate claims between parties, and that it is not an appropriate remedy to enforce a contractual duty or to compel action on an executory contract);  *The Coach and Six Restaurant, Inc. v. Public Works Commission,* 296 N.E.2d 501, 503 (Mass. 1973) (confirming that it is well-settled that mandamus is extraordinary and not available when there are other remedies, and that this well-settled principle makes mandamus relief unavailable to enforce contractual obligations); *City of Huntington v. Huntington Wharf & Storage Co.,* 83 S.E. 500, 501 (W.Va. 1914) (confirming that mandamus is not appropriate to enforce purely contractual obligations); *but see Law Industries, LLC v. Bd. Of Supervisors of La. St. Univ.,* 300 So.3d 21, 29 (La. Ct. App. 2020) (providing under Louisiana law that where a writ of mandamus is a remedy specified for a particular breach of contract by a public body, it may be used to compel payments due under that public contract).
[12] *New Orleans C. & L.R. Co.,* 157 U.S. at 225.

## B. Breach of Contract/Declaratory Judgment Claim

The Court's decision regarding DNREC's motion to dismiss Mr. Duncan's breach of contract claim turns on notice pleading requirements and the recognition that DNREC has an implied obligation to act in good faith. Under Delaware's notice pleading standards, Mr. Duncan need only provide a short and plain statement alleging that he is entitled to relief.[13]

To overcome a motion to dismiss, Mr. Duncan must allege that a valid contract exists, that DNREC breached an obligation contained in the contract, and that he suffered harm because of the breach.[14] The Court also recognizes that when a contract fails to specify a time for performance, performance must occur within a reasonable time.[15] In addition, the implied covenant of good faith and fair dealing is implied in all contracts under Delaware law.[16]

Here, Mr. Duncan alleged the following in his amended complaint: (1) DNREC promised to issue an NFA upon satisfactory completion of corrective action at the Site; (2) DNREC has nevertheless refused to issue an NFA over the past six years, despite having exclusive control over the Site during that time; and (3) because DNREC refused and refuses to issue an NFA, Mr. Duncan lost one contract to sell the Site in 2017 and cannot consummate a pending sale until DNREC issues an NFA.

These allegations meet notice pleading requirements. Namely, the Agreement's terms read in conjunction with the amended complaint include allegations that when accepted as true support a reasonable inference that DNREC unreasonably refused to issue an NFA for three and one-half years. That refusal, in

---

[13] Del. Super Ct. Civ. R. 8(a).
[14] *VLIW Technology, LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del. 2003).
[15] *See Martin v. Star Pub. Co.,* 126 A.2d 238, 244 (Del. 1956); *see also* RICHARD A. LORD, 1 WILLISTON ON CONTRACTS § 4:22 (4th ed. 2021 update).
[16] *Dunlap v. State Farm Fire and Cas. Co.,* 878 A.2d 434, 444 (Del. 2005).

8

turn, allegedly caused and continues to cause Mr. Duncan harm. As a result, the amended complaint provides DNREC fair notice that Mr. Duncan alleges it has no good faith basis to withhold an NFA. Because Mr. Duncan's amended complaint meets notice pleading standards, DNREC's motion to dismiss Mr. Duncan's contract claim must therefore be denied.[17]

## IV. Conclusion

For the reasons discussed, a writ of mandamus is unavailable as a remedy under the circumstances of this case. As a result, DNREC's motion to dismiss must be **GRANTED, in part**. Mr. Duncan, however, states a claim, for a declaratory judgment addressing DNREC's alleged breach of contract. Accordingly, DNREC's motion to dismiss must also be **DENIED, in part**.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Resident Judge, Kent County

---

[17] In its motion to dismiss, DNREC did not challenge the availability of a declaratory judgment in this case. As a result, for the purposes of this decision, the Court assumes that the remedy is available as alleged.

9