**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WILLIS L. GRAYSON, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. N21M-04-023 EMD |
| | ) | |
| LINDA M. MARTIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Submitted: November 8, 2021
Decided: February 22, 2022

*Upon Respondents' Motion to Dismiss Petition for a Writ of Mandamus*[1]
***GRANTED***

Willis L. Grayson, II, *pro se*.

Nicole S. Hartman, Esquire, Deputy Attorney General, Dover, Delaware, *Attorney for Respondents Linda M. Martin, Rebecca McBride and the Commissioner of the Department of Corrections*.[2]

**DAVIS, J.**

## I. INTRODUCTION

This case involves a petition for a writ of mandamus (the "Petition").[3] On or about April 8, 2021, Petitioner Willis L. Grayson, II, filed the Petition, asking the Court to order Respondents Linda M. Martin, Rebecca McBride and the then Commissioner of the Department of Corrections, Claire DeMatteis, (collectively, "Respondents") to (i)

---

[1] The Court has converted the Motion to Dismiss Petition for a Writ of Mandamus from a Civil Rule 12(b) motion to Civil Rule 56 motion. *See* Order Converting Motion to Dismiss to One for Summary Judgment and Providing Parties Reasonable Opportunity to Present All Material Made Pertinent to Summary Judgment (D.I. No. 30). The parties have submitted additional information since the Court converted the Motion from a motion to dismiss to a motion for summary judgment.

[2] Mr. Grayson had named former Commissioner of the Department of Corrections. Because this is a petition for a writ of mandamus, the Court will substitute in the position as opposed to a name.

[3] D.I. No. 1.

grant him a jury trial; (ii) grant him an additional 120 days of statutory "Good Time" that he contends he has earned while serving his sentence at Level V; and (iii) appoint an "independent agent" to assess his earned Good Time.

Before the Court is the motion to dismiss (the "Motion") filed by Respondents. Respondents seek dismissal of the Petition under Civil Rule 12(b)(6).[4] Respondents contend that Mr. Grayson's Good Time has been properly recorded and the Petition fails to state a claim upon with relief can be granted. The Court converted the Motion from one under Civil Rule 12(b)(6) to one under Civil Rule 56 because Respondents relied upon evidence outside the Petition.[5] For the reasons stated herein, the Motion is **GRANTED**.

## II.     BACKGROUND

A jury found Mr. Grayson guilty of two counts of Rape Second Degree on September 16, 1985.[6] The Court sentenced Mr. Grayson on March 7, 1986 to thirty years at Level V for each conviction, sentences to run consecutively, for a total of sixty years.[7] The Supreme Court affirmed Mr. Grayson's convictions on direct appeal on April 10, 1987.[8]

Through the Petition, Mr. Grayson wants the Court to order the Department of Corrections ("DOC") to provide him an additional 120 hours of Good Time that he contends he has earned. Mr. Grayson claims that a writ of mandamus is the only way he

---

[4] D.I. No. 22.
[5] D.I. No. 30.
[6] *State v. Grayson*, 2011 WL 285599, at*1 (Del. Super. Jan. 18, 2011).
[7] *Id*.
[8] *Grayson v. State*, 524 A.2d 1 (Del. 1987).

2

can obtain "redress" as to his purported earned Good Time. Mr. Grayson also asks that the Court grant him a jury trial and to appoint third party to assess his earned Good Time.

On or about July 1, 2021, Respondents filed the Motion. In the Motion, Respondents note that Ms. McBride and Ms. DeMatteis are no longer with DOC. Next, Respondents rely on a series of exhibits to demonstrate that DOC has properly recorded all of Mr. Grayson's earned Good Time.[9]

The Court converted the relief from a motion to dismiss to a motion for summary judgment. The Court also allowed the parties additional time to supplement the Motion and any opposition to the Motion. The parties have submitted additional documents to support their arguments. In addition, Mr. Grayson filed his Motion to Show Cause Not to Dismiss Writ of Mandamus.[10]

Respondents submitted the Affidavit of Toby Davis (the "Affidavit") to support the arguments made in the Motion.[11] The Affidavit provides that, as of September 30, 2021, Mr. Grayson earned 978 days of meritorious good time credits and 7,092 days of statutory good time. According to the Affidavit, Mr. Grayson's adjusted release date is June 12, 2023.

Mr. Grayson filed his Motion to Expand the Record with Additional Filings and Exhibits (the "Motion to Expand") on October 28, 2021.[12] The Motion to Expand is a mixture of legal arguments and factual statements. The Motion to Expand is supported by the Affidavit of Mr. Grayson (the "Grayson Affidavit"). The Grayson Affidavit serves as an overall affirmation of the information provided in the Motion to Expand and

---

[9] D.I. No. 22.
[10] D.I. No. 24.
[11] D.I. No. 32.
[12] D.I. No. 35.

includes various certificates relating to programs completed by Mr. Grayson. The Motion to Expand claims that Mr. Grayson's adjusted release date should be May 2, 2023 or "January 28½, 2023."[13]

The Court has reviewed the Petition, the Motion, the Response, the Affidavit, the Motion to Expand, the Grayson Affidavit, and all other supporting papers and letters submitted in connection with the Motion and the Petition. The Court has also reviewed the record in Mr. Grayson's criminal case, I.D. No. 30500267DI.

## III. STANDARD OF REVIEW

### A. SUMMARY JUDGMENT

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[14] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[15] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[16]

---

[13] *See* Mot. to Ex. at 4.
[14] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon& Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[15] *Id.*
[16] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[17] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact finder.[18]

## B. WRIT OF MANDAMUS

The Supreme Court has held that when "deciding a [dispositive motion] with respect to a petition for a writ of mandamus, [the] Court must consider the standards a party must meet in obtaining a writ."[19] This Court has the power to issue a writ of mandamus under 10 Del. C. § 564.[20] Under 29 Del. C. § 10143, "any person aggrieved by the failure of an agency to take action required of it, by law, may bring an action in the Court for an appropriate writ of mandamus."[21]

A writ of mandamus is an extraordinary remedy.[22] The Court will not issue a writ of mandamus unless petitioner establishes a clear right to the performance of a duty, and that no other adequate remedy is available.[23]

The issuance of a mandamus falls within judicial discretion and is not a matter of right.[24] This Court may issue a mandamus "to an inferior court, public official or agency to compel the performance of a duty to which the petition has established a right."[25] Further, "when directed to an administrative agency or public official, mandamus will

---

[17] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[18] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[19] *See, e.g., Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016) (*citing Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).
[20] That section provides, in relevant part, that "if the Court orders that the plaintiff is entitled to the relief prayed for or any part thereof, a peremptory writ of mandamus shall issue forthwith…." 10 *Del. C.* § 564.
[21] 29 *Del. C.* § 10143.
[22] *Schagrin Gas Co. v. Evans*, 418 A.2d 997, 998 (Del. 1980).
[23] *Id.*
[24] *Guy v. Greenhouse*, 637 A.2d 287 (Table), 1993 WL 557938, at *1 (Del. 1993).
[25] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

5

issue only to require performance of a clear legal or ministerial duty."[26] Thus, this Court is not to issue a mandamus to compel a discretionary act.[27] If a petitioner cannot show a clear right to the requested performance of a duty, or there is any doubt as to a petitioner's right, this Court shall not issue a mandamus.[28] Lastly, with respect to prison policies, this Court will only intervene in the limited instances where an inmate's statutory or constitutional rights are affected.[29] A writ of mandamus is not an appropriate tool to merely assure a prison policy is being adhered to.[30]

## IV.   DISCUSSION

Pursuant to  11 Del. C. § 4381(a), "sentences may be reduced by good time credit under the provisions of this subchapter and rules and regulations adopted by the Commissioner of Corrections."[31] The statute provides that "good time may be earned for good behavior while in the custody of the Department of Correction when the person has not been guilty of any violation of discipline, rules of the Department or any criminal activity and has labored with diligence toward rehabilitation."[32] This good time credit may be applied at a rate of 2 days per month during the first year of any sentence, and 3 days per month after completing 365 days of a sentence.[33] Additionally, "[n]o person shall be awarded more than 36 days of good time under this subsection for good behavior in any 1 year consisting of 365 calendar days actually served."[34]

---

[26] *Guy*, 1993 WL 557938, at *1.
[27] *Id.*
[28] *Walls v. Williams*, 2006 WL 1133563, *1 (Del. Super. Mar. 28, 2006).
[29] *Id.*
[30] *Ross v. Dep't of Corr.*, 722 A.2d 815, 820 (Del. Super. 1998).
[31] 11 *Del. C.* § 4381(a).
[32] 11 *Del. C.* § 4381(c).
[33] *See* 11 *Del. C.* §§ 4381(c)(1) and (2).
[34] 11 *Del. C.* § 4381(c)(3).

6

Credit may be "earned by participation in education, rehabilitation, work, or other programs as designated by the Commissioner. Good time may be awarded for satisfactory participation in approved programs at a rate of up to 5 days per calendar month."[35] Similarly, "[n]o more than a total of 160 days of 'good time' may be earned in any 1 year consisting of 365 days actually served," and "good time shall be credited to the consolidated time being served" if an offender is serving multiple sentences.[36]

After reviewing the evidence and the legal standard, the Court finds that Mr. Grayson cannot demonstrate a clear right to the requested performance of a duty, or that there is no doubt as to his purported right. The Motion and Affidavit shows that DOC is calculating Mr. Grayson's Good Time in accordance with the statute and "rules and regulations adopted by the Commissioner of Corrections." Moreover, at this point in time, Mr. Grayson has aggregated more Good Time under subsections (c)(3) and (d) than can be earn on an annual basis under subsection (e)—*i.e.*, the 160 Good Time credit days per year.

Mr. Grayson has been incarcerated for since 1985. Mr. Grayson has accumulated 7,092 Good Time credits days. Nothing in the record indicates that Mr. Grayson is entitled to an additional 120 days because DOC failed to follow 11 *Del. C.* § 4381 or DOC's rules and regulations. In addition, Mr. Grayson's Good Time is subject to 11 *Del. C.* § 4381(e). Mr. Grayson attempts to create a question of fact by arguing that certain non-statutory time should be adjusted. However, Mr. Grayson must be able to show that he has a clear legal right to the performance of the duty; no other adequate remedy is

---

[35] 11 *Del. C.* § 4381(d).

[36] 11 *Del. C.* § 4381(e). The amount of time under subsection (e) is now 180 days per year. At the time the Petition was filed, the amount of time was 160 days per year.

available; and DOC has arbitrarily failed or refused to perform that duty. The Court finds that Mr. Grayson has not met that burden. Accordingly, the Court finds that no genuine issue of material fact exists and that the Respondents are entitled to judgment as a matter of law on the claims asserted in the Petition.

The Court will also grant summary judgment on Mr. Grayson's request to have the Court appoint a third party to assess his Good Time credits. Mr. Grayson has submitted no legal or factual argument as to why he is entitled to this relief.

## V. CONCLUSION

For the reasons set forth above, the Motion is **GRANTED** and judgment is to be **ENTERED** in favor of the Respondents on the Petition.

Dated: February 22, 2022
Wilmington, Delaware


*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     Willis L. Grayson, II (SBI #00121905)
        File&ServeXpress