IN THE SUPREME COURT OF THE STATE OF DELAWARE

ITSHAK ON and KEREN-OR ON, §
§
Defendants Below, § No. 95, 2025
Appellants, §
§ Court Below—Court of Chancery
v. § of the State of Delaware
§
KEVIN KULAK, § C.A. No. 2023-0011
§
Plaintiff Below, §
Appellee. §

Submitted: February 28, 2025
Decided: March 14, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order, it appears to the Court that:

(1)    The appellants, Itshak On and Keren-Or On, are defendants in an action alleging breaches of fiduciary duty and fraudulent inducement. The Ons were previously represented by counsel, but they have been proceeding *pro se* since March 2024. On August 8, 2024, plaintiff Kevin Kulak requested leave to move for partial summary judgment. The Court of Chancery granted leave on December 5, 2024. The Ons moved for reconsideration, which the court denied on January 21, 2024. On February 7, 2025, after briefing by the parties regarding scheduling, the

Court of Chancery entered a scheduling order governing summary judgment briefing.

(2)     The Ons then filed an application for certification of an interlocutory appeal from the scheduling order.  Kulak opposed.  The Court of Chancery denied certification.  The court determined that the scheduling order did not decide a substantial issue of material importance;[1] the costs of interlocutory review would outweigh the benefits;[2] and the Ons had not established that any of the factors set forth in Supreme Court Rule 42(b)(iii) supported certification.

(3)     We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[3]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  The Court of Chancery's February 7, 2025 scheduling order does not decide a substantial issue of material importance because it does not go to the merits of the case and merely concerns a routine scheduling matter within the trial court's discretion.[4]

---

[1] DEL. SUPR. CT. R. 42(b)(i).

[2] *Id.* R. 42(b).

[3] *Id.* R. 42(d)(v).

[4] *See McCann v. Emgee, Inc.*, 1993 WL 541922, at *1 (Del. Dec. 22, 1993) (refusing an interlocutory appeal from an order governing discovery and stating that "[a]n interlocutory order must determine a substantial issue and establish a legal right in order for it to be appealable"); *Schagrin Gas Co. v. Evans*, 418 A.2d 997, 998 (Del. 1980) (holding that administrative board's ruling "dealing solely with the procedural matter of trial scheduling" did not determine a

Exceptional circumstances that would merit interlocutory review of the scheduling order do not exist,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

substantial issue or establish a legal right); *Cede & Co. v. Technicolor, Inc.*, 2001 WL 515106, at *3 (Del. Ch. May 7, 2001) ("[T]his Court fails to understand how the scheduling of a trial determines a substantial issue, establishes a legal right, or satisfies any of the other criteria required by Supreme Court Rule 42.").

[5] DEL. SUPR. CT. R. 42(b)(ii).