GEORGE McCLELLAND, Appellant-Employee, v. GENERAL MOTORS CORPORATION, Appellee-Employer.

(*November* 18, 1965)

CAREY and HERRMANN, JJ., and MARVEL, Vice-Chancellor, sitting.

*F. Alton Tybout* for appellant.

*Max S. Bell, Jr.,* of Richards, Layton & Finger, for appellee.

Supreme Court of the State of Delaware, No. 52, 1965.

CAREY, Justice.

The Superior Court reversed a determination of the Industrial Accident Board awarding workmen's compensation to the appellant. The record discloses that the evidence had been heard on three days, and while a quorum of the Board had been present on each day, only one member had in fact heard all the testimony. T. 19 *Del. C.* Sec. 2103 provides that a majority of the Board shall constitute a quorum for the exercise of any of its powers or authority. There is no provision in the Act for hearings by a single member or by masters or referees. The Superior Court held that the same Board members who ultimately decide an issue must have been present when testimony was presented on that issue, unless the parties have waived that requirement. No such waiver appearing, it accordingly ordered the case remanded for rehearing.

Appellant in this Court does not complain of the foregoing ruling. The only matter that he does question is a provision in the lower Court's order which apparently requires the Board to rehear *all* the testimony. His contention is that there is no occasion for those members who render a new decision to rehear evidence which they have personally previously heard, and that they should be permitted in their discretion to limit the rehearing to so much of the evidence as they did not previously hear. He suggests that such action is permissible under T. 19 *Del. C.* Sec. 2348(d).*

To be reviewed by this Court, a judgment or order entered below must be final or, if interlocutory, it must adjudicate substantial rights. *Wagner v. Shanks*, Del., 194 A.2d 701; *American Ins. Co. v. Synvar Corp.*, Del., 199 A.2d 755. Accordingly, this Court, sua sponte,

---

*"(d) Whenever a cause shall be remanded to the Board for a rehearing, all evidence theretofore taken before the Board in a previous hearing or hearings shall become part of the evidence in the hearing upon the remand."

raised the question of whether the present problem is an appealable matter and requested briefs on the point. In replying to that request, appellant argues that the Superior Court order is a final judgment; but that, if it be merely interlocutory, it nevertheless determines a substantial right. Appellee disagrees with both arguments. This opinion is confined to the question of appealability.

A few states take the position that any decision which sets aside an award of compensation and remands it for further proceedings of any kind is a final judgment. *Inland Steel Co. v. Newsome,* 281 Ky. 681, 136 S.W.2d 1077; *Butler v. Fidelity & Casualty Co.,* 88 Ga.App. 620, 76 S.E.2d 813. Many more jurisdictions, however, have adopted a different view. They hold that the order of remand may be either final or interlocutory, depending upon the nature of the functions directed to be performed by the Board on the remand. If those functions are purely ministerial, for example, where the Board is directed to enter a specific different award, the judgment is final; but, if those further functions are not merely ministerial but are quasi-judicial, such as taking additional testimony and making new findings, the judgment is not final. *Grogan v. Wm. J. Scully, Inc.,* 42 N. J. Super. 174, 126 A.2d 41; *Bogan v. Smoothway Constr. Co.,* 183 Pa. Super. 170, 130 A. 2d 207; *Industrial Commission v. Dorchak,* 97 Colo. 142, 47 P.2d 396; *Hagmeier v. Dryden Rubber Division,* etc., 245 Iowa 1121, 66 N.W.2d 111; *Falk v. Midland Dairy Co., Inc.,* 266 N.Y. 559, 195 N.E. 199; *ACF Industries, Inc. v. Industrial Commission,* 8 Ill.2d 552, 134 N.E.2d 764; *Batchon's Case,* 333 Mass. 605, 132 N.E.2d 400; 101 C.J.S. Workmen's Compensation Sec. 795, p. 49. We think the majority rule is the correct one and we accept it as the law of Delaware. Under this view, the order before us is not a final one.

The order being interlocutory, does it adjudicate any substantial right? We must remember that appellant does not question the remand of the case; his appeal is aimed only at the direction to rehear all the testimony. We are unable to understand how this can properly be denoted a determination of a substantial right; it is, in our opinion, purely procedural in nature. Appellant suggests nothing to show that he will suffer any actual harm or disadvantage by the requirement, even if

it be improper. He does point out the possibility that a witness who previously testified may not be again available, but we think the existence of such possibility is not a deprivation of any substantial right; should the possibility become an actuality, we think the Court below would have the power to modify its order under Superior Court Rule 60. *Del. C.* Ann.

Because of the foregoing conclusions, the appeal must be dismissed.