**Paul CICAMORE, Claimant-Appellant,**

**v.**

**ALLOY SURFACES COMPANY, Employer-Appellee.**

Supreme Court of Delaware.

June 27, 1968.

Charles K. Keil of Bayard, Brill & Handelman, Wilmington, for appellant.

Max S. Bell, Jr. of Richards, Layton & Finger, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and DUFFY, Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal by the claimant from an order of the Superior Court remanding the cause to the Industrial Accident Board for rehearing and the making of findings in accordance with the decision of this Court in Alloy Surfaces Company v. Cicamore, 221 A.2d 480.

This cause has had an unduly long history. The claim for compensation was first heard by the Industrial Accident Board on April 29, 1964 and an award made on October 14, 1964. Cross-appeals from the award were taken to the Superior Court which, on June 2, 1965, ordered the cause remanded for hearing as to proper compensation for loss of teeth. Cross-appeals were then taken to this Court which, on June 17, 1966, affirmed the remand to the Industrial Accident Board. Following the remand, the Board, on December 21, 1966, made an award for loss of mastication. Cross-appeals from the award followed to the Superior Court.

The Superior Court on November 20, 1967 reversed the award and again remanded the cause to the Industrial Accident Board for rehearing and with instructions to make an award of "proper and equitable compensation" for the claimant's loss of teeth. This Court in the first appeal affirmed the remand to the Board for this purpose.

It is quite apparent that the Industrial Accident Board did not comply upon remand with the instructions of the Superior Court and of this Court as to the proper findings to be made. Accordingly, for the second time, the Superior Court remanded to the Board for the purpose of making proper findings. The claimant now appeals from that order, and the employer moves to dismiss the appeal.

■ We think the appeal must be dismissed. A judgment or order, if a final one, is appealable as a matter of right, but an interlocutory order is appealable only if it determines a substantial right. Wagner v. Shanks, Del., 194 A.2d 701; American Insurance Co. v. Synvar Corp., Del., 199 A.2d 755. In McClelland v. General Motors Corp., Del., 214 A.2d 847, we held that an order remanding a claim to the Board for the taking of testimony

and the making of new findings was not a final order or judgment.

■ The order appealed from is therefore interlocutory. We think it has determined no substantial rights and is therefore not appealable. To be sure, the claimant argues that the record is sufficient to permit the making of the required findings, and that the refusal of the Superior Court to do so adversely determined a substantial right as to him. The employer argues that the record is insufficient. We do not decide the question.

■ We think the statutory scheme of the Workmen's Compensation Law contemplates and requires the Board initially to make findings upon the record before it, which findings are subject to appellate review. While the Superior Court may have the power to make its own findings, that power should be exercised sparingly. Its exercise or nonexercise is a matter of judicial discretion. We are, therefore, asked to reverse a discretionary act of the Superior Court which we would do only upon a showing of abuse of that discretion. There is no such showing made in this appeal.

We regret the further delay in the ultimate disposition of this cause, but delay alone should not cause us to depart from the rules of orderly procedure.

The judgment below is affirmed.