Flor ORTIZ, Employee-Appellee,

v.

GIOIA SPECIALTY FOODS, Employer-Appellant.

Superior Court of Delaware,
New Castle.

Aug. 4, 1972.

Oliver V. Suddard, Wilmington, for employee-appellee.

Julius Komissaroff, Berg, Taylor & Komissaroff, Wilmington, for employer-appellant.

## OPINION

O'HARA, Judge.

This case comes before the Court on a motion by Flor Ortiz ("employee") to dismiss the appeal filed by Gioia Specialty Foods ("employer"). Employer filed an appeal from an order of the Industrial Accident Board ("Board") which permitted the employee to take the deposition of Arthur J. Heather, M. D., for use at a pending hearing.

Both parties agree that the order of the Board is interlocutory in nature. There is disagreement, however, as to whether this order is appealable.

In order for an interlocutory order to be appealable, the order must affect substantial rights of the parties involved. McClelland v. General Motors Corporation, 214 A.2d 847 (Del.1965). The employer contends that the Board lacks any authority to direct or permit the taking of a deposition for use at a pending hearing. Arguing that the Board is entirely a creation of the statute and that the statute nowhere authorizes the Board to act as it has in this case, the employer concludes that it has a statutory right to prohibit the Board from hearing or receiving testimony from a deposition. The employer further claims that this statutory right is a substantial right thereby authorizing an appeal from the interlocutory order in question.

The Court concludes that the rights affected by employee's claim are more than mere procedural or technical rights. They are, in fact, substantial and essential legal rights. The Court views this conclusion as proper since the employer's claim, if sustained, would make the action of the Board illegal. Because the Board would lack the requisite jurisdictional authority to act as it has in permitting the taking of a deposition, its action would have to be declared void. In addition, the issue raised in this case as to the jurisdictional authority of the Board to permit the taking of a deposition has also been raised in three other cases which are pending before the Board. In order to avoid a multiplicity of lawsuits and their concomitant costs in terms of time and expense which would necessarily be expended in the litigation of the same issue, that issue must be definitively decided at this time. It is for these two reasons that the Court has concluded that substantial and essential legal rights are involved and that an appeal is proper at this time.

The employer contends that by negative implication 19 Del.C. § 2348(b) and Superior Court Civil Rule 30(i) are to be read together to mean that depositions are proper only in cases involving out of state residents. Employer further contends that in such cases only the Superior Court possesses the jurisdictional authority to direct or permit the taking of such depositions.

The Court disagrees with these contentions. The Court concludes that the Board does possess the jurisdictional authority to direct or permit the taking of depositions of in State residents. The source of such authority is to be found in 19 Del.C. § 2122(a) which reads as follows:

"(a) The Board may issue subpoenas and administer oaths in any proceedings and in all other cases where it is necessary in the exercise of its powers and duties. It may examine persons as witnesses, take evidence, require the production of documents, *and do all other things conformable to law which are necessary to enable it effectively to discharge the duties of office.* Such oaths

may be administered and such subpoenas issued by any member of the Board." (Emphasis added).

Admittedly, it would be preferred that the Board explicitly notes in its own rules of procedure, which it has authority to make pursuant to 19 Del.C. § 2121(a), that it shall permit or direct the taking of depositions when appropriate according to the statutory standards outlined below. Nonetheless, as 19 Del.C. § 2122(a) indicates, the Board does possess the authority to permit or direct the taking of depositions.

As long as the actions of the Board are "conformable to law" and "necessary to enable it effectively to discharge the duties of office", then the Board has not exceeded its authority. These are, however, the statutory standards which the Board is to utilize and to which the Board will be held accountable in a judicial examination of its actions. It would certainly be most helpful to all parties concerned if the Board were to explicitly indicate how the specifics of any individual case measure up to these standards.

In formulating its own rules of procedure pursuant to 19 Del.C. § 2121(a) and in accordance with the statutory standards of 19 Del.C. § 2122(a), it would also be most helpful for the Board to make reference to the Superior Court Civil Rules. Such a reference would provide a sound basis for the formulation of its own rules of procedure and the equitable and efficient administration of justice according to those rules of procedure.

■ The employer also contends that since the letter of Dr. Heather concerning his health problems was never introduced into evidence, the Board has erred in permitting the taking of his deposition. Presumably, the Board permitted the taking of his deposition on the ground that because of illness or infirmity he is unable to attend or testify. The employer argues that the Board is not permitted to act solely on the basis of its private knowledge of Dr. Heather's health problems since there should be a mechanism through which proof of illness is submitted for the record and an opportunity to rebut that submitted proof is provided.

■ The Court is in agreement with these contentions. The evidence upon which the Board bases its decision to permit or direct the taking of a deposition must be included in the record. It is not appropriate for the Board to take "judicial notice" of such evidence. In addition, it is essential that evidence proffered in an effort to prove illness or infirmity which prevents the witness from attending or testifying in person be strictly scrutinized by the Board. Such evidence must not be facilely accepted as sufficient on its face.

■ Furthermore, the Board is obligated to provide an opportunity for the adverse party to rebut the sufficiency of the proffered evidence. Such rebuttal must be heard and given full consideration by the Board.

■ Finally, the employer has objected to the authorization by the Board of the use of video tape in Dr. Heather's deposition. The Court finds no legal objection to the use of the video tape so long as the Board is convinced that the video tape is authentic and unadulterated.

In light of the above mentioned infirmities, the case is remanded to the Industrial Accident Board in order that the Board may expand the record, provide an adequate opportunity for rebuttal and act in accordance with the statutory principles which are to regulate the manner in which the Board exercises its authority to permit or direct the taking of depositions.

It is so ordered.