Samuel E. EASTBURN, Jr., Appellee Below,
Appellant,

v.

NEWARK SCHOOL DISTRICT,
Appellant Below, Appellee.

George L. McFARLANE, Appellee Below,
Appellant,

v.

PHOENIX STEEL CORPORATION,
Appellant Below, Appellee.

Supreme Court of Delaware.

July 12, 1974.

Oliver V. Suddard, Wilmington, for appellees below, appellants.

Julius Komissaroff, of Berg, Komissaroff & Sawyer, Wilmington, for appellants below, appellees.

Before HERRMANN, Chief Justice, DUFFY, Associate Justice, and BROWN, Vice Chancellor.

HERRMANN, Chief Justice:

In this workmen's compensation case, the Industrial Accident Board denied the Employers' application for examination of the Employee-Claimants by a Philadelphia physician. Upon appeal by the Employers, the Superior Court reversed, obviously relying upon the scope-of-review rule set forth in Ortiz v. Gioia Specialty Foods, Del.Super., 295 A.2d 589 (1972). The Employees now bring this appeal.

The determinative question is whether an interlocutory order of the Industrial Accident Board is appealable to the Superior Court. We hold not.

Appellate review of decisions of the Industrial Accident Board are governed by

19 Del.C. §§ 2349 and 2350.[1] The references therein are to the appealability of an "award" only; there is no reference therein to the appealability of an interlocutory order of the Board.

The word "award" must be read as the final determination of the Board in the case. The word itself requires that connotation; and the urgency of workmen's compensation cases, as well as the improvement of judicial administration, militates against a ruling permitting fragmentation of such litigation by interim appeals.[2]

■ Accordingly, we hold that interlocutory orders of the Industrial Accident Board are unappealable. Appellate review of an interlocutory order must await appellate review of the final determination of the Board.

The scope-of-review rule set forth in *Ortiz*, relied upon below, must be overruled. There, based upon McClelland v. General Motors Corporation, Del.Supr., 214 A.2d 847 (1965), the Superior Court applied the "substantial right" test to the appealability of an interlocutory order of the Board. The *McClelland* case involved the appealability to the Supreme Court of an interlocutory order of the Superior Court, entered upon an appeal from a final award of the Industrial Accident Board. The "substantial right" test of appealability of an interlocutory order of the Superior Court in a civil case, based upon the earlier practice in Chancery, arose from constitutional change. Del.Const., Art. 4, Sec. 11(1)(a), Del.C.Ann.; Wagner v. Shanks, Del.Supr., 194 A.2d 701 (1963). It was not extended to the Industrial Accident Board by *McClelland*.

■ We note in passing that 19 Del.C. § 2343(a) gives an employer the right to have an examination of the employee made at "reasonable times and places" by a "physician legally authorized to practice his profession under the laws of such place". Depending upon the circumstances of each case, the denial of that right may be deemed an abuse of discretion in the determination of reasonableness.

Reversed and remanded for further proceedings consistent herewith.

1. 19 Del.C. § 2349 provides:
"§ 2349. Finality of awards; appeals; limitation period
"An award of the Board in the absence of fraud shall be final and conclusive between the parties, except as provided in section 2347 of this title, unless within 20 days after a copy thereof has been sent to the parties, either party appeals to the Superior Court for the county in which the injury occurred, or if the injury occurred out of the State, to the Superior Court in and for the county in which the hearing was had."
19 Del.C. § 2350 provides in pertinent part:
"§ 2350. Jurisdiction, procedure and decision on appeal; review by Board; cost and security
*     *     *     *     *
"(b) In case of every appeal to the Superior Court, the cause shall be determined by the Court from the record, which shall include a typewritten copy of the evidence and the finding and award of the Board, without the aid of a jury, and the Court may reverse, affirm, or modify the award of the Board, or remand the cause to the Board for a rehearing. In case any cause shall be remanded to the Board for a rehearing, the procedure and the rights of all parties to such cause shall be the same as in the case of the original hearing before the Board.
*     *     *     *     *
"(e) If the decision of the Board is affirmed by an appellate court, the employee shall be entitled to all compensation plus interest at the legal rate from the time of the award by the Board.
"(f) The Superior Court may in its discretion allow a reasonable fee to claimant's attorney for his services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant has prevailed in his hearing before the Board and is affirmed on appeal. Such fee shall be taxed in the costs and become part of the final judgment in the cause and may be recovered against the employer or employer's insurance carrier."

2. Compare the policy against "piecemeal" of appeals in criminal cases. See Hodsdon v. Superior Court, Del.Supr., 239 A.2d 222 (1968).