**MAYOR AND TOWN COUNCIL OF the TOWN OF ELSMERE, Delaware consisting of Richard A. Herold, John Jaremchuk, Patricia L. Frantz, Tom Novak, Charles McKewen, Joanne Personti, and John Pasquale, Respondents Below–Appellants,**

v.

**John DiFRANCESCO, Petitioner Below–Appellee.**

No. 360, 2007.

Supreme Court of Delaware.

Submitted: Aug. 13, 2007.

Decided: Sept. 21, 2007.

Edward M. McNally, Esquire and Rafael X. Zahralddin–Aravena, Esquire, Morris, James, Hitchens & Williams, LLP, Wilmington, Delaware, for appellants.

Thomas C. Marconi, Esquire, Losco & Marconi, P.A., Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, and BERGER, Justices.

HOLLAND, Justice.

The appellants filed this appeal from a judgment of the Superior Court that granted appellee John DiFrancesco's petition for a writ of certiorari. In granting the writ, the Superior Court held that the Mayor and Town Council's decision to deny DiFrancesco's application to subdivide his single real estate lot into two lots was arbitrary and capricious because DiFrancesco's lot was zoned to permit two residences and his application complied in all other respects with the applicable zoning requirements. The Superior Court, therefore, remanded the matter to the Town Council "for action consistent with this opinion."

After the appellants filed their notice of appeal, the Clerk of this Court issued a notice to appellants to show cause why the appeal should not be dismissed as interlocutory. In their response, the appellants contend that the appeal is from a final judgment and is not interlocutory because, although the Superior Court issued an order of remand, the further action required of the Town Council by the Superior Court's opinion was the "purely ministeri-

al"[1] act of granting DiFrancesco's subdivision application.

For purpose of appeal, a Superior Court order of remand may be either "final" or "interlocutory," depending upon the nature of the actions directed on the remand.[2] If the actions on remand are purely ministerial, for example, where a Board is directed to enter a specific decision, the judgment is final.[3] However, if the further actions to be taken on remand are not merely ministerial, e.g., taking additional testimony and making new factual findings, the order is interlocutory.[4]

In this case, while the Superior Court's opinion does not direct the Town Council to take any specific action on DiFrancesco's application, we do not read the opinion to permit the Town Council to reconsider the application or to take any further action other than granting the subdivision. Accordingly, we hold that the Superior Court's order is a final judgment because its remand to the Town Council was for the purely ministerial purpose of having the Town Council grant DiFrancesco's application.[5] Consequently, the rule to show cause shall be discharged. The Clerk of the Court is directed to issue a brief schedule.

---

1. *Violent Crimes Comp. Bd. v. Linton*, 545 A.2d 624, 625 (Del.1988).

2. *McClelland v. Gen. Motors Corp.*, 9 Storey 114, 214 A.2d 847 (Del.1965).

