# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHRISTIANA CARE HEALTH,    )
SERVICES, INC.,    )
    Employer-Below/Appellant,    )
    )
v.    )    C.A. N16A-10-002 AML
    )
THOMAS A. LUCE,    )
    Claimant-Below/Appellee.    )

Submitted: April 24, 2017
Decided: May 2, 2017

## ORDER

**On Appellant's Application for Certification of Interlocutory Appeal:
DENIED**

1. The parties in this matter filed cross-appeals from an interlocutory order of the Industrial Accident Board (the "Board"). This Court dismissed those appeals for lack of subject matter jurisdiction. One of the parties now seeks to certify that dismissal order for an interlocutory appeal to the Delaware Supreme Court. Because this Court's determination that it lacked subject matter jurisdiction was based on settled law, and consideration of the appeal would not terminate the litigation or serve considerations of justice, I deny the application to certify the appeal.

2. This case arises from a petition filed by Thomas A. Luce for compensation for carpal tunnel nerve damage Luce contends he developed as a result of his work-related activities. Christiana Care Health Services ("CCHS")

moved to dismiss Luce's petition on the basis that it was barred by the statute of limitations. After holding a hearing on the timeliness of Luce's claim, the Board issued an order dated September 27, 2016 (the "Board's Order"). In its Order, the Board determined, under settled law, that the statute of limitations for cumulative detrimental effect claims begins to run when the claimant "as a reasonable person, should recognize the nature, seriousness[,] and probable compensable nature of the injury or disease."[1] The Board reasoned that deciding when the statute began to run in Luce's case could not be decided on the record before the Board and would require "full presentation of medical evidence" to determine "what [Luce's] doctor(s) told him and when."[2] The Board therefore denied the motion to dismiss without prejudice to CCHS raising "the statute of limitations at the hearing on the merits after there has been a presentation of medical evidence concerning [Luce's] condition."[3] The Board reached a similar conclusion with respect to Luce's argument that CCHS was barred from raising the statute of limitations as a defense due to CCHS's alleged failure to comply with the requirements of 19 *Del. C.* § 2362. As to that argument, the Board concluded it required a more developed factual record, particularly on the issue of whether Luce detrimentally relied on CCHS's alleged failure to act. The Board therefore held that Luce "retains the

---

[1] R. 4 at 6 (citing *Geroski v. Playtex Family Prods.*, 676 A.2d 903 (Del. Jan.24, 1996) (TABLE)).
[2] R. 4 at 8.
[3] *Id.*

2

right to assert his estoppel argument" at a full hearing before the Board on the merits of the petition for compensation.[4]

3.     Both parties appealed the Board's Order to this Court, those appeals were consolidated, the parties completed briefing, and the appeals were assigned to a judge for decision.  Upon reviewing the parties' submissions, the Court *sua sponte* raised the issue of its subject matter jurisdiction to hear the appeal.  Specifically, the Court asked the parties for simultaneous letter submissions regarding "why the cross-appeals do not constitute impermissible interlocutory appeals under 19 *Del. C.* § 2349 and Delaware Superior Court Civil Rule 72."[5]

4.     In response to the Court's request for supplemental submissions, both parties agreed the Board's Order was interlocutory.  Luce took the position that the cross-appeals should be dismissed for that reason, while CCHS argued that, although interlocutory, the appeals were not impermissible because they met the criteria for interlocutory appeals under Delaware Supreme Court Rule 42.

5.     On April 3, 2017, this Court dismissed the cross-appeals as interlocutory appeals over which the Court lacked jurisdiction (the "Dismissal Order").[6]  CCHS timely filed an application asking this Court to certify the Dismissal Order for interlocutory appeal to the Delaware Supreme Court.  Luce

---

[4] *Id.* at 11.
[5] D.I. 15.
[6] D.I. 18.

does not oppose CCHS's application. What follows is my analysis of the application after considering CCHS's arguments, Luce's submission, and Supreme Court Rule 42.

6. A trial court may not certify an interlocutory appeal unless the order to be reviewed "decides a substantial issue of material importance that merits appellate review before a final judgment."[7] In deciding whether to certify an appeal of its Dismissal Order,[8] this Court must consider whether the order meets one or more of the criteria in Supreme Court Rule 42(b)(iii). Rule 42 expressly provides that interlocutory appeals should be exceptional and only should proceed when "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[9]

7. In the Dismissal Order, the Court relied on the language in 19 *Del. C.* § 2349, which grants this Court jurisdiction to hear appeals from an "award" of the

---

[7] Supr. Ct. R. 42(b)(i).

[8] Arguably, the Dismissal Order is the final order of this Court in this case. The Dismissal Order was intended to be this Court's final act on the cross-appeals; the case is considered closed by this Court and any new appeal that the parties may take after further Board proceedings would be a new action filed under a different case number. *See Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958) ("A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration."). This case therefore theoretically is different than one in which the Court remands the matter to an administrative agency for further proceedings. *See Taylor v. Collins & Ryan, Inc.*, 440 A.2d 990 (Del. 1981) (holding an order of remand by the Superior Court to the Industrial Accident Board is interlocutory). On the other hand, the parties' claims were not decided on their merits and future determination of the claims will occur, just at a later date and in a separate proceeding. No party has raised the issue of whether the Dismissal Order is final or interlocutory, and I do not wish to delay matters by requesting further submissions from the parties. I therefore have addressed the merits of CCHS's Application.

[9] Supr. Ct. R. 42(b)(ii).

4

Board. An "award" of the Board, as used in Section 2349, refers to "the final determination of the Board in the case."[10] It has been settled law in Delaware for several decades that "interlocutory orders of the [] Board are unappealable" and that "[a]ppellate review of an interlocutory order must await appellate review of the final determination of the Board."[11] Based on those principles, this Court dismissed the cross-appeals *sua sponte* for lack of subject matter jurisdiction.[12]

8. CCHS argues the Dismissal Order meets two criteria of Rule 42(b)(iii): (1) review of the order may terminate the litigation, and (2) review of the order may serve considerations of justice.[13] Specifically, CCHS argues this Court was the first to raise the issue of subject matter jurisdiction, whereas both parties fully briefed the cross-appeals and asked the Court to decide the issues presented. CCHS urges the parties expended substantial resources briefing the cross-appeals and suggests Luce "waived" any claim that this Court lacked jurisdiction. CCHS also contends the Board's Order addressed case dipositive issues and, if allowed to stand, that order would force the parties to endure the costs and delay of an unnecessary evidentiary hearing. Finally, CCHS argues that

---

[10] *Eastburn v. Newark Sch. Dist.*, 324 A.2d 775, 776 (Del. 1974).

[11] *Id.*; *see also Clendaniel v. McDaniel Const., Inc.*, 2001 WL 1560688 (Del. Nov. 13, 2001) (affirming the Superior Court's dismissal of an appeal from an interlocutory order of an administrative agency); *Schagrin Gas Co. v. Evans*, 418 A.2d 997 (Del. 1980) (ruling that the Superior Court lacked jurisdiction to accept and rule upon an appeal of an interlocutory order from an administrative agency).

[12] *See* Super. Ct. Civ. R. 72(i) ("The Court may order an appeal dismissed, sua sponte, . . . for appealing an unappealable interlocutory order . . . .").

[13] Supr. Ct. R. 42(b)(iii)(G), (H).

5

the cases relied on by the Court in the Dismissal Order are not binding and are distinguishable.

9. It is undisputed that the Board's Order is interlocutory.[14] In my view, and contrary to CCHS's arguments, the Dismissal Order does not meet the criteria for certification of an interlocutory appeal. In the Dismissal Order, the Court held that it lacked subject matter jurisdiction to hear the cross-appeals based on Section 2349's plain language and Delaware Supreme Court precedent. This Court has an obligation to assure itself that it has subject matter jurisdiction over an action before considering the merits of the parties' claims.[15] Although CCHS points out that Luce did not dispute the Court's jurisdiction, the parties cannot confer jurisdiction on this Court where none exists. Section 2349 only gives this Court jurisdiction to hear appeals from a final decision of the Board.

10. CCHS attempts to distinguish the cases cited in the Dismissal Order, *Eastburn v. Newark School District*[16] and *Schagrin Gas Co. v. Evans*,[17] on the basis that the Board orders at issue in those cases involved only "minor, procedural" issues, rather than the case dispositive issues presented by the cross-appeals in this case. That argument misses the point. The question is not the

---

[14] *See* n. 8 regarding whether the same may be said of the Dismissal Order.
[15] *See* Super. Ct. Civ. R. 12(h)(3), 72(i); *Christiana Town Ctr., LLC v. New Castle Ctr.*, 2003 WL 21314499, at *3 (Del. Ch. June 6, 2003); *Appoquinimink Educ. Ass'n. v. Appoquinimink Sch. Dist.*, 2003 WL 1794963, at * 3, n.24 (Del. Ch. Mar. 31, 2003).
[16] 324 A.2d 775 (Del. 1974).
[17] 418 A.2d 997 (Del. 1980).

gravity or importance of the agency order from which an appeal is sought, but rather whether the agency order is interlocutory or final. The decisions in *Eastburn* and *Schagrin Gas* rested on the fact that the agency order was not final and therefore the Superior Court lacked subject matter jurisdiction to hear the appeal. There is no exception, either in the statute or the case law interpreting it, permitting this Court to hear interlocutory appeals that are important, novel, or case dispositive. Prohibiting interlocutory appeals from administrative agencies allows cases to be resolved efficiently and promptly. The relative merits of the cross-appeals are not in issue.

11. Similarly, CCHS's reliance on *Christiana Care Health Services v. Davis*[18] is misplaced. In *Davis*, the Industrial Accident Board dismissed the claimant's petition on the basis that a binding settlement agreement between the parties precluded any further claims.[19] The Superior Court reversed that dismissal and remanded to the Board for further proceedings. The Delaware Supreme Court accepted an interlocutory appeal *from the Superior Court's order*, ultimately reversed the Superior Court's decision, and reinstated the Board's order. CCHS argues that, in *Davis*, "[t]he Supreme Court nevertheless permitted an appeal of this clearly interlocutory Board matter, as doing so was 'critical to the efficient

---

[18] 127 A.3d 391 (Del. 2015).
[19] *Id.* at 393-94.

resolution' of the case."[20]  CCHS misstates the procedural posture of *Davis*; the Board's order from which the Superior Court accepted the appeal was a final order, not an interlocutory one.  The interlocutory order from which the Supreme Court heard the appeal was the Superior Court's decision remanding the matter to the Board.  *Davis*, therefore, has nothing to do with the Superior Court's jurisdiction to hear an interlocutory appeal from an administrative agency.  It simply stands for the undisputed proposition that the Supreme Court has jurisdiction to hear an appeal from an interlocutory order of the Superior Court.

12.    Interlocutory review of the Court's conclusion that it lacked subject matter jurisdiction to hear the cross-appeals will not terminate the litigation or serve considerations of justice.  For the foregoing reasons, Christiana Care Health Services, Inc.'s Application for Certification of Interlocutory Appeal is **DENIED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Maria Paris Newill, Esquire
       Timothy E. Lengkeek, Esquire

---

[20] CCHS Appl. Certification Interlocutory Appeal at 8 (quoting *Christiana Care Health Servs. v. Davis*, No. 138, 2015 at *3 (Del. May 5, 2015) (ORDER).