IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTIANA CARE HEALTH SERVICES, | § § § | No. 202, 2017 |
| Employer/Appellant/Cross-Appellee Below, Appellant, | § § § § § | Court Below—Superior Court of the State of Delaware C.A. No. N16A–10–002 |
| v. | § § | |
| THOMAS A. LUCE, | § § | |
| Claimant/Appellee/Cross-Appellant Below, Appellee. | § § § § | |

Submitted: May 15, 2017
Decided: May 19, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 19th day of May 2017, having considered the notice of appeal from interlocutory order it appears to the Court that:

(1) On May 15, 2017, the appellant petitioned this Court, under Supreme Court Rule 42, to accept an interlocutory appeal from a Superior Court order of April 3, 2017, which dismissed the parties' cross-appeal from an Industrial Accident Board decision denying a motion to dismiss.[1] In the April 3 order, the Superior

---

[1] The Board denied the motion to dismiss without prejudice to the parties raising the issue in a hearing on the merits.

Court determined it was without subject matter jurisdiction to consider the cross-appeal because the Board's decision on appeal was an interlocutory order.[2]

(2) By statute, the Superior Court has appellate jurisdiction to consider "an award" of the Industrial Accident Board.[3] The word "award" has been interpreted to mean the Board's "final determination" in an action for compensation.[4] The Superior Court has no jurisdiction, discretionary or otherwise, to consider an appeal from anything other than a final award of the Board.[5]

(3) Before dismissing the cross-appeal, the Superior Court directed the parties to exchange and file simultaneous letters stating their positions on whether the Board's decision on appeal was an unappealable interlocutory order. In their letters responding to the court, neither party disputed that the Board's decision was interlocutory.

(4) On April 13, 2017, the appellant filed an application asking the Superior Court to certify an interlocutory appeal. The Superior Court denied the application after determining that the April 3 dismissal was based on settled law and that interlocutory review of the dismissal would not terminate the litigation or serve

---

[2] *See* Del. Super. Ct. Civ. R. 72(i) (providing, in relevant part, for *sua sponte* dismissal of appeal from unappealable interlocutory order). *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 481–82 (Del. 1989) (dismissing, as interlocutory, appeal taken from order denying motion to dismiss).

[3] 19 *Del. C.* § 2349.

[4] *Eastburn v. Newark School Dist.*, 324 A.2d 775 (Del. 1974).

[5] *Id.* at 776 (holding that "interlocutory orders of the Industrial Accident Board are unappealable").

considerations of justice.[6] We agree with the Superior Court's well-reasoned denial of certification and will refuse the appeal.

(5) Additionally, we have determined that the appeal in this Court must be dismissed as untimely. The appellant filed the appeal under Supreme Court Rule 42, which governs appeals from interlocutory orders. In this case, however, the April 3 order dismissing the parties' cross-appeal was a final order of the Superior Court.[7] Appeals from final orders are governed by Supreme Court Rule 6, which provides that a notice of appeal must be filed within thirty days of the order on appeal.[8] In this case, because the appeal from the April 3 order was not filed until May 15, the appeal was untimely filed, and it must be dismissed.[9]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED under Supreme Court Rule 42 and DISMISSED under Supreme Court Rules 6 and 29(c).[10]

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Christiana Care Health Serv., Inc. v. Luce*, 2017 WL 1735361 (Del. Super. Ct. May 2, 2017).
[7] *Accord Plummer v. R.T. Vanderbilt Co., Inc.*, 49 A.3d 1163, 1167 (Del. 2012) (finding that order dismissing case was a final order). *See also Clendaniel v. McDaniel Constr., Inc.*, 2001 WL 1560688 (Del. Nov. 13, 2001) (affirming appeal taken from final order dismissing appeal from interlocutory order of Industrial Accident Board).
[8] *See* Del. Supr. Ct. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed within thirty days after entry upon the docket of the order from which the appeal is taken).
[9] *Plummer v. R.T. Vanderbilt Co., Inc.*, 49 A.3d 1163 (Del. 2012).
[10] Del. Supr. Ct. R. 29(c) (governing involuntary dismissal without prior notice).

3