IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THIS AND THAT SERVICES CO. INC., | § § § | No. 441, 2022 |
| Employer Below, Appellant, | § § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | |
| RAYMOND NIEVES, | § § § | C.A. No. S21A-11-004 |
| Claimant Below, Appellee. | § § § § | |

Submitted: June 28, 2023
Decided:   August 17, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

Upon appeal from the Superior Court of the State of Delaware: **REVERSED**.

John J. Ellis, Esquire, HECKLER & FRABIZZIO, Wilmington, Delaware, *for Appellant This and That Services Co. Inc.*

Walt F. Schmittinger, Esquire, SCHMITTINGER AND RODRIGUEZ, P.A., Dover, Delaware, *for Appellee Raymond Nieves.*

**LEGROW**, Justice:

An employer seeks review of a Superior Court Opinion[1] reversing a decision by the Industrial Accident Board (the "IAB" or "Board") regarding the reasonableness of a prescribed course of treatment. This case has a protracted procedural history despite the dispute's limited scope. The IAB initially dismissed this case as moot, but the Superior Court reversed and remanded that decision in 2019. On remand, the IAB held that the claimant employee's ongoing narcotics treatment after June 2017 was unreasonable, unnecessary, and therefore not compensable under the Workers' Compensation Act. The Superior Court then reversed the IAB again, holding there was no justiciable issue before the Board because the claimant employee had not submitted any medical claims to his employer for ongoing treatment.

The statute at issue in this appeal, 19 *Del. C.* § 2322F, provides a mechanism for employers and their workers' compensation carriers to challenge proposed or provided health care services relating to compensable work injuries. On appeal, the employer argues that the Superior Court erred as a matter of law in concluding that the IAB could not consider the compensability of an employee's ongoing narcotics treatment until the employee submitted invoices for payment to the employer and the employer disputed those invoices in the statutory review process. Because the

---

[1] *Nieves v. This & That Servs. Co.*, 2022 WL 3225283 (Del. Super. Aug. 10, 2022) [hereinafter *"Nieves II"*].

Superior Court incorrectly interpreted 19 *Del. C.* § 2322F with respect to the justiciability of the employer's petition, we reverse the Superior Court's decision, vacate the attorneys' fees award, and reinstate the IAB's determination.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A. The work injury and the utilization review

On July 29, 2014, Raymond Nieves ("Mr. Nieves"), an employee of This and That Services Co., Inc. ("This and That Services"), sustained a back injury while working on a construction project.[2] On December 17, 2015, Mr. Nieves sought pain management treatment from Dr. Ganesh Balu ("Dr. Balu"), a board-certified physician.[3] Dr. Balu prescribed Mr. Nieves both opiate and non-opiate pain medication, physical therapy, and two epidural injections.[4] Dr. Balu also ordered a discogram which showed a herniated disc and annular tear. As of June 13, 2017, Mr. Nieves continued to complain of back pain and limited range of motion due to pain and stiffness.[5] To reduce the pain, Dr. Balu prescribed a mild opiate along with Ibuprofen.[6] After the June 13, 2017 visit, Mr. Nieves did not see Dr. Balu again until

---

[2] *See* App. to Opening Br. at A19 (2021 IAB Decision).
[3] *See id.* at A26.
[4] *Id.*
[5] *Id.* at A26–27.
[6] *Id.* at A27.

April 10, 2018.[7] Between those visits, Mr. Nieves underwent disc replacement surgery on August 23, 2017.[8]

This and That Services submitted Dr. Balu's pain management treatment from June 13, 2017 onward to utilization review in accordance with 19 *Del. C.* § 2322F. Utilization review provides a mechanism for employers and their workers' compensation carriers to challenge proposed and provided health care services relating to compensable work injuries.[9] On August 15, 2017, the utilization reviewer certified Dr. Balu's treatment as compliant with the Workers' Compensation Practice Guidelines and found all the treatment at issue was reasonable and necessary.[10]

## B. The IAB proceedings begin

This and That Services disagreed with the utilization reviewer's determination and filed a petition (the "Petition") with the IAB for *de novo* review of the utilization reviewer's conclusion that Dr. Balu's pain management treatment was reasonable and necessary.[11] The parties filed a pre-hearing stipulation with the IAB in

---

[7] *Id.* at A28.

[8] *Id.* at A27.

[9] 19 *Del. C.* § 2322F. Under Section 2322F(j), the "Workers' Compensation Oversight Panel shall approve, propose, and maintain a utilization review program for any health-care provider providing services to injured workers. . .The intent is to provide reference for employers, insurance carriers, and health-care providers for evaluation of health care and charges." *Id.* § 2322F(j); A-497 (Utilization Review Appeal).

[10] App. to Opening Br. at A502–07 (Utilization Review Determination).

[11] *See id.* at A497 (Utilization Review Appeal).

September 2018, narrowing the issues to whether Dr. Balu's narcotic prescriptions from June 13, 2017 forward were reasonable and necessary.[12]

On September 14, 2018, Mr. Nieves filed a motion *in limine* with the IAB to limit the Petition's relevant time period to June 13, 2017 through August 23, 2017, and to exclude all challenges to treatment after August 2017, when Mr. Nieves underwent disc replacement surgery.[13] Mr. Nieves argued that the circumstances of his treatment changed as a result of the surgery.[14] Mr. Nieves also moved to dismiss the Petition, contending the remaining issues before the IAB were moot.[15] The IAB held a hearing to consider the Petition on September 20, 2018.[16] At that hearing, the IAB granted the motion *in limine* and limited the treatment period in dispute to June 13, 2017 through August 23, 2017, when Mr. Nieves had surgery.[17] The IAB then dismissed the Petition for mootness because This and That Services already had paid for Mr. Nieves' narcotics treatment from June 13, 2017 to August 23, 2017, and nothing else remained in dispute (the "2018 IAB Decision").[18]

---

[12] *Id.* at A5 (Stipulation of Facts).
[13] *Id.* at A524.
[14] *Id.*
[15] *Id.*
[16] *Id.* at A6 (2018 IAB Decision).
[17] *Id.* at A7.
[18] *Id.*; *See also id.* at A18 (2021 IAB Decision).

4

## C.     The first appeal to the Superior Court

This and That Services then appealed the 2018 IAB Decision to the Superior Court.[19]  The Superior Court issued a decision dated June 7, 2019 ("*Nieves I*"), reversing and remanding the IAB's decision.[20]  The Superior Court held that the IAB erred in dismissing the Petition as moot because there was no evidence that This and That Services had paid for the medication at issue, so there was still "a real, albeit narrow, issue" for the IAB to decide.[21]  Mr. Nieves moved for reargument, seeking to clarify whether the Superior Court was reversing the IAB's holding that the Petition was limited to the June to August 2017 period.  The Superior Court denied reargument, holding that "[a] full review of the evidence is needed.  The Board should make its decision after the review.  My decision ***necessarily overrules the limitations*** placed upon the parties by granting the motion *in limine*."[22]

## D.     The IAB remand hearings

The IAB conducted remand hearings on June 3, 2021, and October 8, 2021, and issued a decision on October 18, 2021 (the "2021 IAB Decision").[23]  During the remand hearings, both parties presented evidence from their respective medical

---

[19] App. to Opening Br. at A18 (2021 IAB Decision).

[20] *This & That Servs. Co. v. Nieves*, 2019 WL 2406654 (Del. Super. June 7, 2019) [hereinafter "*Nieves I*"].

[21] *Nieves I,* 2019 WL 2406654, at *4.

[22] *This & That Servs. Co. v. Nieves*, 2019 WL 2539268 (Del. Super. June 19, 2019) (emphasis added).

[23] Answering Br. at 2.  According to the parties, proceedings were delayed due to the COVID-19 pandemic.

experts.  This and That Services' expert, Dr. Jason Brokaw ("Dr. Brokaw"), a board certified physician, examined Mr. Nieves and reviewed his medical records.[24]  Dr. Brokaw testified that Mr. Nieves' use of narcotic medication was unreasonable, unnecessary,[25] and "outside the Delaware Practice Guidelines related to positive functional outcomes and positive patient responses."[26]  Dr. Brokaw testified that Dr. Balu's records contained many mistakes and boilerplate templated portions that did not change from month to month.  In his view, the templated portions of the records indicated Dr. Balu was not appropriately assessing Mr. Nieves for functional improvements.[27]

In response to Dr. Brokaw's testimony, Mr. Nieves relied on Dr. Balu's deposition testimony.[28]  Dr. Balu was deposed in 2018 and 2020 and testified on both occasions that Mr. Nieves' treatment was reasonable, necessary, and related to the work injury.[29]  In his 2020 deposition, Dr. Balu stated during direct examination that he had not prescribed narcotic medication to Mr. Nieves since September 10, 2018, and that statements to the contrary in his medical records were erroneous.[30]

---

[24] App. to Opening Br. at A19 (2021 IAB Decision).
[25] *Id.* at A188 (Dr. Brokaw's Tr. at 28:13–20).
[26] *Id.* at A98 (Dr. Brokaw's Tr. at 16:10–16).
[27] *Id.* at A111 (Dr. Brokaw's Tr. at 29:20–30:3).
[28] Opening Br. at 9.
[29] App. to Opening Br. at A243 (Dr. Balu's Tr. at 23:8–11).
[30] *Id.* at A328 (Dr. Balu's Tr. at 28:14–29:5, 35:19–24).

The IAB, "upon consideration of [*Nieves I*], as well as upon consideration of all of the evidence presented during the hearing on the merits of this case," concluded the narcotic medication Dr. Balu prescribed was "unreasonable and unnecessary since June 13, 2017."[31] The IAB accepted Dr. Brokaw's expert testimony regarding the appropriateness of narcotic medication[32] and did not limit the time period under review to the period before Mr. Nieves' disc replacement surgery.[33] The IAB also found that Dr. Balu's records were sloppy and internally inconsistent.[34] In its 2021 Decision, the IAB held that This and That Services met its burden of proof regarding the non-compensability of the narcotic medication since June 13, 2017.[35]

### E.  The second appeal to the Superior Court

Mr. Nieves appealed the 2021 IAB Decision to the Superior Court,[36] which issued an Order dated August 10, 2022, again reversing the IAB ("*Nieves II*"). After concluding in *Nieves I* that the Petition was justiciable, the Superior Court reversed course and held that the IAB did not have any justiciable issue before it for two separate reasons.[37] First, the Superior Court held that This and That Services could

---

[31] *Id.* at A34 (2021 IAB Decision).
[32] *Id.* at A36.
[33] *Id.* at A38.
[34] *Id.* at A36.
[35] *Id.* at A38.
[36] Answering Br. at 3.
[37] *Nieves II,* 2022 WL 3225283, at *3. "Utilization Review proceedings address a claim to certain specific medical treatments. When new or subsequent claims are made, the Utilization Review process can and should be used again. In cases where a medical invoice pertains to an acknowledged compensable claim, it shall be referred to Utilization Review." *Id.*

not seek IAB review of Mr. Nieves' ongoing narcotic prescriptions before first submitting each prescription to utilization review.[38]  Second, the Superior Court held that because Mr. Nieves had not made a claim to his employer for payment of narcotics treatment, there was no justiciable issue for the Board to decide.[39]  Despite previously holding that its decision in *Nieves I* "necessarily overrule[d]" the 2018 IAB Decision limiting the Petition to the June to August 2017 timeframe, the Superior Court concluded that the sole issue before the IAB after the June 7, 2019 remand was the reasonableness of Dr. Balu's June 2017 prescription for narcotic medication, which the Superior Court now held was moot because This and That Services previously paid that invoice.[40]

### F.     This and That Services appeals to this Court

Before This and That Services filed its first notice of appeal in this Court, Mr. Nieves filed a motion for attorneys' fees, which the Superior Court granted on November 21, 2022.[41]  While Mr. Nieves' attorneys' fees motion was pending, This and That Services appealed *Nieves II* to this Court.  We dismissed that appeal as interlocutory.[42]  Additionally, during the period when Mr. Nieves' attorneys' fees

---

[38] *Id.*
[39] *Id.* at *2.
[40] *Id.* at *3.
[41] App. to Opening Br. at A47–50 (Superior Ct. Order).
[42] *Id.* at A51–54 (Supreme Ct. Dismissal Order).

motion was pending before the Superior Court, the IAB issued an order dismissing This and That Services' Petition as instructed in *Nieves II*.[43]

This and That Services sought reargument with the IAB, contesting the IAB's October 2022 remand decision and requesting that it rescind or stay that order.[44] On November 23, 2022, while This and That Services' motion for reargument was pending with the IAB, This and That Services filed a Notice of Appeal with this Court, appealing the Superior Court's August 10, 2022 and November 21, 2022 decisions.[45] The IAB denied This and That Services' motion for reargument on January 19, 2023.[46]

## II.   ANALYSIS

In an appeal from an IAB decision, this Court's scope of review is limited to examining the record for errors of law and determining whether the Board's factual findings are supported by substantial evidence.[47] "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[48] "It is 'more than a scintilla but less than a preponderance of the

---

[43] *Nieves II,* 2022 WL 3225283, at *3 ("I reverse the Board's decision and remand the case to be dismissed.").
[44] Answering Br. at 4.
[45] *Id.*
[46] App. to Answering Br. at B82.
[47] *Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016).
[48] *Christiana Care Health Servs. v. Davis*, 127 A.3d 391, 394 (Del. 2015) (quoting *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (internal quotation marks omitted)).

evidence.'"[49] Alleged errors of law are reviewed *de novo*,[50] but we accord significant weight to the IAB's application of legal principles within Delaware's workers' compensation scheme, which the IAB applies on a weekly, if not daily, basis.[51]

This and That Services makes two primary arguments on appeal from *Nieves II*. *First*, it contends that the Superior Court erred as a matter of law, abused its discretion, and improperly overruled the IAB's factual findings. *Second*, it asserts that substantial evidence in the record supported the IAB's decision that Mr. Nieves' ongoing use of narcotic medication was unreasonable and unnecessary. Mr. Nieves disputes the merits of these two arguments and additionally maintains that This and That Services failed to appeal the IAB's October 2022 decision to the Superior Court and this appeal therefore should be dismissed as jurisdictionally improper.

### A. This and That Services properly and timely appealed to this Court.

Mr. Nieves argues this appeal should be dismissed with prejudice because This and That Services did not perfect a timely appeal of the Superior Court's

---

[49] *Davis*, 127 A.3d at 394 (quoting *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988)).

[50] *State v. Gates*, 213 A.3d 80, 85 (Del. 2019).

[51] *Davis*, 127 A.3d at 395 (citing *Histed*, 621 A.2d at 342 ("When factual determinations are at issue, we must take due account of the experience and specialized competence of the Board and of the purposes of our workers' compensation law.")); *Spring Constr. Co. v. Mendez*, 1992 WL 302072, at *2 (Del. Super. Sept. 15, 1992) ("Since one of the most compelling reasons for creating administrative agencies is to allow the judicial system to make use of the knowledge and experience of specialists, this Court would be wasting this resource if it lightly dismissed the fruits of such expertise. It may not do so when the decision is based on substantial evidence and the product of an orderly deductive process.").

October 2022 remand decision.[52]  According to this argument, *Nieves II* was an interlocutory decision, even after the Superior Court resolved the attorneys' fees motion, because the Superior Court remanded the case to the IAB.[53]  In Mr. Nieves' view, because This and That Services failed to appeal the IAB's January 19, 2023 decision, that decision and the IAB's October 2022 dismissal order are final and binding and this Court is without jurisdiction to consider this appeal.[54]

Mr. Nieves' argument is flawed because the Superior Court's remand to the IAB was only for the Board to perform a ministerial function.[55]  A decision of the Superior Court remanding a case to an administrative agency or board may be either final or interlocutory, depending on the "nature of the functions directed to be performed" on remand.[56]  If the functions are "purely ministerial," such as a direction to enter a specific award, the judgment is final; if the functions are quasi-judicial, such as taking testimony and making findings, the judgment is not final.[57]  The Superior Court's decision in *Nieves II* left the IAB with no discretion as to how to

---

[52] Answering Br. at 23.
[53] *Id.* at 20–21.
[54] *Id.* at 22–23.
[55] *DiFrancesco v. Mayor & Town Council of Elsmere*, 2007 WL 1874761, at *2 (Del. Super. June 28, 2007), *aff'd sub nom. Mayor & Town Council of Town of Elsmere v. DiFrancesco*, 947 A.2d 1122 (Del. 2008). Although Mr. Nieves argues that the Board on remand awarded medical fees and attorneys' fees to Mr. Nieves, that issue was not actually before the Board. The Superior Court remanded to the IAB for the case "to be dismissed." The outstanding fee petition was pending before, and ultimately decided by, the Superior Court.
[56] *McClelland v. Gen. Motors Corp.*, 214 A.2d 847, 848 (Del. 1965).
[57] *Id.*

rule. Rather, the Superior Court ordered the IAB to dismiss the petition and did not direct the IAB to engage in any further inquiry.[58] Accordingly, the Superior Court's order was final and appealable as a matter of right once it ruled on the fee petition, and this Court has jurisdiction to consider the appeal on its merits.

### B. The Superior Court erred as a matter of law in determining that the Petition did not raise any justiciable issues.

Turning to the merits of the appeal, This and That Services first contends that the Superior Court erred as a matter of law in concluding that there was no justiciable controversy before the IAB. The Superior Court reached that conclusion for two reasons: (1) Mr. Nieves had not submitted an invoice to This and That Services relating to the narcotic treatment; and (2) This and That Services had not submitted any treatment after August 2017 to utilization review. But the relevant statutory language does not support the Superior Court's conclusion that "bills must be at issue" before the parties may engage in the utilization review process.[59]

An actual controversy exists when "one side makes a claim of a present specific right, and the other side makes an equally definite claim to the contrary."[60]

---

[58] Where the Board is directed to enter a specific different award, the judgment is final. *McClelland,* 214 A.2d at 848. Mr. Nieves' reliance on *Johnson Controls, Inc. v. Barkley*, 2004 WL 2239724 (Del. 2004) is misplaced. In *Barkley*, the Superior Court remanded the case to the IAB so it could apply the correct causation standard and determine if benefits were owed. *Id.* at *1 n1. Because the remand did not direct the IAB to enter a specific judgment, it was not a remand for a purely ministerial function. *Id.* at *2.

[59] *Nieves II*, 2022 WL 3225283, at *3.

[60] *Goldberg v. Rehoboth Beach*, 565 A.2d 936, 939 (Del. Super. 1989).

A justiciable controversy arises under Section 2322F(j) of the Workers' Compensation Act when an employer or its insurance carrier disputes proposed or provided healthcare services. The statute relevantly provides that "[a]n employer or insurance carrier may engage in utilization review to evaluate the quality, reasonableness and/or necessity of **proposed or provided** health-care services for acknowledged compensable claims."[61]

The Superior Court did not address that statutory language but held that, because Mr. Nieves did not submit invoices for payment of his narcotic medication after June 2017, there was no issue in dispute, and therefore nothing was justiciable.[62] That conclusion misapplied the unambiguous statutory language allowing utilization review for both proposed and provided treatment. The IAB found that there was evidence that Dr. Balu prescribed narcotic medication to Mr. Nieves because of his work-related low back injury until at least 2019,[63] and This and That Services was statutorily permitted to contest whether that treatment was reasonable and necessary without regard to whether This and That Services first received an invoice for the treatment.

---

[61] 19 *Del. C.* § 2322F(j) (emphasis added).

[62] *Nieves II*, 2022 WL 3225283, at *2. The IAB and the Superior Court found This and That Services had paid for the June 2017 prescription, thereby mooting that issue. We agree with this conclusion legally and factually.

[63] App. to Opening Br. at A31, A33, A37–38 (2021 IAB Decision).

The Superior Court also erred in holding that the IAB lacked jurisdiction to consider the Petition because This and That Services did not first submit each month of Mr. Nieves' ongoing narcotics treatment to utilization review. In the Superior Court's view, when new or subsequent claims are made, the employer must return to utilization review,[64] even when each claim relates to the ongoing treatment that was originally sent to utilization review. That conclusion is inconsistent with this case's facts, the purpose of the utilization review process, and the Superior Court's previous holding in *Nieves I.*

First, as a factual matter, the evidence the parties offered to the IAB indicates that there was an actual controversy in dispute regarding the reasonableness of narcotic medication after June 2017. In its Petition, This and That Services contested the compensability of the narcotics from "June 13, 2017 and onwards."[65] The Board heard conflicting evidence regarding Mr. Nieves' treatment. Mr. Nieves testified on two occasions that he continued to receive narcotic prescriptions after June 2017 and into 2019, but he stated during the IAB hearing that he did not receive any narcotic prescriptions from Dr. Balu after 2017.[66] Further, all of Dr. Balu's records after September 10, 2018 indicated Mr. Nieves' medication included narcotics.[67] Dr.

---

[64] *Nieves II,* 2022 WL 3225283, at *2–3.
[65] App. to Opening Br. at A497 (Utilization Review Appeal).
[66] *Id.* at A31, A33, A36 (2021 IAB Decision).
[67] *Id.* at A38 (2021 IAB Decision).

Balu, however, testified that he did not prescribe narcotic medication to Mr. Nieves after 2017, dismissing the contrary medical records as inaccurate.[68] Dr. Brokaw also testified the records indicated Mr. Nieves continued to receive such medication.[69] Acknowledging the conflicting evidentiary record, the IAB stated "if Dr. Balu kept accurate records, . . . this matter may never have even required a hearing before the Board."[70] The record reflects that This and That Services was disputing Dr. Balu's narcotic medication prescriptions after June 2017, and the parties presented evidence to the Board regarding that medication's use in 2017, 2018, and 2019.

Second, the Superior Court's holding lacks statutory support. The purpose of utilization review is to permit "prompt resolution of issues related to treatment and/or . . . practice guidelines for those claims which have been acknowledged to be compensable."[71] The Superior Court, however, held the IAB could not consider the reasonableness and necessity of medical treatment until This and That Services first submitted each invoice to utilization review. As previously explained, the Superior Court's focus on invoices misreads Section 2322F. The record shows This and That Services consistently challenged Mr. Nieves' narcotic prescriptions beginning June 13, 2017, without specifying an end date. The IAB had the authority to hear all the

---

[68] *Id.* at A37–38.
[69] Opening Br. at 16–17.
[70] App. to Opening Br. at A38 (2021 IAB Decision).
[71] Opening Br. at 21.

issues before it, including the ongoing prescription of the challenged medication after the utilization review determination.[72]

Finally, the Superior Court's reasoning contradicts its holding in *Nieves I*. In its 2018 decision, the IAB granted Mr. Nieves' motion *in limine* to limit its review to the June to August 2017 time period, but the Superior Court expressly reversed that holding in *Nieves I*, explaining its decision "overrule[d]" the limitations imposed when the IAB granted the motion *in limine*.[73] The compensability of narcotic medication from June 2017 forward therefore was a justiciable issue before the IAB on remand.

### C. The IAB's decision that Mr. Nieves' ongoing use of narcotic medication was unreasonable and unnecessary is supported by substantial evidence in the record.

Finally, This and That Services contends that this Court should reinstate the IAB's decision as to compensability because the ruling was supported by substantial evidence. When the IAB concluded that Mr. Nieves' continued prescriptions for narcotics from June 2017 were unreasonable and unnecessary, it did so based on the testimony of Mr. Nieves and the parties' medical experts.[74] In its evaluation of the case, the IAB recognized the inconsistencies in Dr. Balu's medical records. When evidence or testimony conflicts, the Board must resolve credibility issues and weigh

---

[72] 19 *Del. C.* § 2322F(j).
[73] *This & That Servs. Co. v. Nieves*, 2019 WL 2539268, at *1.
[74] App. to Opening Br. at A36–38 (2021 IAB Decision).

the evidence.[75]  Provided there is substantial evidence to support its decision, the Board may accept the testimony of one physician over another.[76]  The IAB held that the evidence best supported Dr. Brokaw's opinion that the narcotic medication was "inappropriate, unreasonable, and unnecessary for [Mr. Nieves] since at least June 13, 2017."[77]  The IAB's findings were supported by substantial evidence.

## III.   CONCLUSION

For the foregoing reasons, we reverse the Superior Court's August 10, 2022 Memorandum Opinion and Order, vacate its November 21, 2022 attorneys' fees award, and reinstate the IAB's October 18, 2021 decision.[78]

---

[75] *Gen. Motors Corp. v. McNemar*, 202 A.2d 803, 807 (Del. 1964).
[76] *Standard Distributing Co. v. Nally*, 630 A.2d 640, 646 (Del. 1993).
[77] App. to Opening Br. at A36 (2021 IAB Decision).
[78] *See Davis*, 127 A.3d at 395–96 (reversing the Superior Court's decision and reinstating the IAB's decision); *DiSabatino Bros., Inc., v. Wortman*, 453 A.2d 102, 106 (Del. 1982) (same).