IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| 330 HOSPITALITY GROUP, LLC, | § | |
| | § | |
| Petitioner Below, | § | No. 338, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| THE CITY OF REHOBOTH BEACH, a | § | C.A. No. S22C-11-016 |
| municipal corporation, THE BOARD OF | § | |
| COMMISSIONERS OF REHOBOTH | § | |
| BEACH, the governing body of The City | § | |
| of Rehoboth Beach, and THE | § | |
| PLANNING COMMISSION OF | § | |
| REHOBOTH BEACH, | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | § | |

Submitted: September 4, 2024
Decided: October 1, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

### ORDER

Upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) 330 Hospitality Group, LLC ("330") filed this appeal from the Superior Court's opinion remanding the matter for the City of Rehoboth Beach ("City") to hold a new hearing on 330's application for a rezoning application. The Superior Court concluded that a new hearing was necessary because the City failed to create a proper record of the first hearing for review of 330's petition for a writ of certiorari

from the denial of its rezoning application. The Senior Court Clerk issued a notice directing 330 to show cause why this appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2) In response to the notice to show cause, 330 contends that the Superior Court's decision is arguably final because the Superior Court did not retain jurisdiction and remanded the matter for the City to hold a new hearing instead of correcting or addressing defects in its previous decision. The City, Board of Commissioners of Rehoboth Breach, and Planning Commission of Rehoboth Beach argue that the Superior Court's decision is not final because the matter was remanded for further proceedings.

(3) Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1] "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[2] The Superior Court's opinion is not final because 330's entitlement to a rezoning application has not been

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del.1958).

determined.[3]  Because 330 has not complied with the requirements of Rule 42, this interlocutory appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *See, e.g.*, *Mayor & Town Council of Town of Elsmere v. DiFrancesco*, 953 A.2d 128, 130 (Del. 2007) (holding that the Superior Court's order remanding the matter to the town council was final because the town council could take no further action other than grant the application for subdivision); *Del. Dep't of Health & Soc. Servs. v. Dolinger*, 1999 WL 504324, at *1 (Del. Mar. 16, 1999) (concluding that "the Superior Court's order remanding the matter back to the DSS Hearing Officer for a new hearing is clearly an interlocutory order"); *New Castle Cty. Dep't. of Fin. v. Jefferson Plaza P'ship*, 1994 WL 632635, at *1 (De. Nov. 7, 1994) (holding that a Superior Court decision remanding the matter for assessment board to rule on the merits of certain tax appeals was interlocutory).